TERRELL, Justice.
December 11, 1951, W. F. McKenney »vas injured in an automobile accident. He instituted this suit against appellants, owners of the truck which caused the accident, to recover damages for personal injuries. July 8, 1952, when the case came on for trial, the plaintiff amended his complaint by adding the following paragraph:
“That by reason of his injuries alleged, Plaintiff has lost complete physical control and on September 14th, 1952, was thereby caused to suffer further injuries and fractures by losing control and falling from his motor, scooter and Plaintiff will continue to be subjected to the risk of further bodily injuries by reason of the injuries sustained as a result of the negligence of Defendants’ driver.”
Trial before a jury resulted in a verdict and judgment for the plaintiff in the sum of $15,000, a new trial was denied and defendants appealed.
The point for determination is whether or not the trial court committed error in allowing evidence as to the second accident and injuries alleged to have resulted therefrom, to go to the jury.
We think this question requires an affirmative answer. The second accident took place as plaintiff was riding on a motor scooter on a heavily travelled street. The two accidents occurred about nine months apart, and the evidence was insufficient to show that the injury received in the first accident was the proximate cause of the second accident. Under such circumstances, the trial court should have determined, as a matter of law,, that the defendants were not liable for the injuries sustained in the second accident and should have withdrawn from the jury a consideration of this question.
For the reasons so stated, the judgment is reversed and a new trial is awarded.
Reversed and remanded.
ROBERTS, C. J., and SEBRING and MATHEWS, JJ., concur.