Cheshire,
No. 5016.

ALBERT ARMSTRONG & a.

*v.*

KENNETH W. BERGERON.

Argued February 6, 1962.

Decided March 6, 1962.

*Howard B. Lane* (by brief and orally), for the plaintiffs.

*Devine, Millimet & McDonough* and *Bartram C. Branch* (*Mr. Branch* orally), for the defendant.

LAMPRON, J. The issue to be decided is whether the defendant is liable for the aggravation by the negligence of another motorist of an injury which the defendant previously caused the plaintiff Edith Armstrong.

November 12, 1958 Edith's car, while stopped on Main Street in Keene, was struck in the rear by defendant's automobile. She

received what was referred to as a "whiplash" injury to her neck and head. *Cf. Pike* v. *Scribner,* 103 N. H. 203, 204-5.

August 5, 1959 while stopped at a railroad crossing on the same street her car was hit in the rear by a motor vehicle operated by one Bill. This produced an aggravation of the neck and head injury received in the previous accident with the defendant.

The Trial Court in its charge to the jury on the damages which could be recovered against the defendant gave the following instructions: "If you find as a consequence of the accident with Mr. Bergeron the plaintiff, Mrs. Armstrong, received injuries which increased her susceptibility to further similar injuries, and that this susceptibility existed on August 8, 1959 and that actually and in fact her condition was aggravated by the subsequent accident of August 8, 1959, then you may consider the extent of this aggravation in arriving at a figure fairly to include this aggravation."

As a general rule if a second injury or an aggravation of a prior one is considered to be a direct consequence or a natural result of the original injury, the original wrongdoer is held liable for the entire damage. *Tuttle* v. *Dodge,* 80 N. H. 304, 311; *Atherton* v. *Rowe,* 89 N. H. 196, 198. Thus the original tort-feasor has been held liable for an aggravation of the original injury caused by the medical, surgical or hospital services rendered to the plaintiff on account of that injury. *Tuttle* v. *Farmington,* 58 N. H. 13, 14; *Demers* v. *Flack,* 88 N. H. 184, 186. Restatement, Torts, *s.* 457. Such recovery has been allowed also for a subsequent injury caused by a fall while the victim was using crutches necessitated by the original injury. *Tuttle* v. *Dodge, supra;* Annots. 9 A. L. R. 255; 20 A. L. R. 524.

On the contrary if a second injury or an aggravation of a previous injury is attributable to a distinct intervening cause without which it would not have happened, the wrongdoer is held to be liable for the original injury only. Restatement, Torts, *s.* 440. In other words if the aggravation of a previous injury is caused by a new and independent force which breaks the chain of causal connection with the original wrong the first tort-feasor is not responsible for the aggravation. 1 Sherman & Redfield, Negligence (Rev. ed.) *s.* 38, *p.* 102.

We are of the opinion that this case is in that class. The second accident was the efficient cause of the aggravation of plaintiff Edith's neck and head injury. It intervened to break the chain of

causation between the original injury resulting from the first accident in which defendent was involved. It was error for the Trial Court to submit to the jury the aggravation of this injury by the second accident as an element of damage which might be recovered against the defendant in the present action.

Accordingly the verdicts for plaintiffs must be set aside and there must be a new trial. *Lampesis* v. *Comolli,* 101 N. H. 279, 285; s. c. 491, 492.

*New trial.*

All concurred.