CHERYL LYNN WATKINS, APPELLEE, v. JAMES RICHARD HAND, APPELLANT.

253 N. W. 2d 287

Filed May 11, 1977. No. 40656.

J. Thomas Rowen of Miller & Rowen, for appellant.

Warren C. Schrempp, Richard E. Shugrue, and Thomas G. McQuade of Schrempp & McQuade, for appellee.

Heard before SPENCER, McCOWN, and CLINTON, JJ., and MORAN and KELLY, District Judges.

MORAN, District Judge.

Plaintiff brought this action to recover damages from the defendant for personal injuries arising out of an automobile collision on December 15, 1971, at an intersection in Omaha, Nebraska. The vehicle driven by plaintiff was struck by a vehicle driven through a red light by defendant. Plaintiff sought recovery for permanent injuries, pain and suffering, and loss of earning capacity arising out of that accident as well as for injuries sustained in a one-car accident on October 7, 1972, which she claimed proximately resulted from the first accident. At the trial, the trial judge directed a verdict against the defendant on the issue of liability for the accident of December 15, 1971, from which the defendant has not appealed. The trial judge also instructed the jury to consider only injuries sustained in the second accident which proximately resulted from the first accident. The jury returned a verdict for the plaintiff and the defendant has appealed. Several errors are assigned but we consider only one. The defendant contends the trial court erred in failing to instruct the jury to assess damages only for the injuries sustained in the first accident. We agree and reverse.

After the first accident the plaintiff complained of neck and back pain and headaches. X-rays were normal and there were no objective findings of injury. Because of her complaints, she was examined by a neurologist whose findings were negative and she was referred to a physician specializing in rehabilitative medicine. The plaintiff testified that while operating her motor vehicle and traveling to a hospital for therapy prescribed by the physician, she blacked out and her vehicle struck a tree. She suffered severe facial injuries and aggravated the soft tissue injury she sustained in the first accident. The

plaintiff had never experienced a blackout before. The doctor testified that in the first accident the plaintiff sustained a cervical dorsal strain which made her more vulnerable to injury in the second accident; that she had permanent partial disability of 10 to 15 percent at the time of trial; but that if the second accident had not occurred the cervical dorsal strain would have cleared up and she would not have had the disability testified to. The doctor also testified that the medication plaintiff was taking was not the cause of the second accident, and that there was no way he could relate the second accident to the first.

The plaintiff contends that the failure of the defendant to make an adequate record of objections to proposed instructions at the instruction conference precludes him from asserting them at this time. The disposition we make of the case makes it unnecessary to discuss this argument. The record does disclose that at the close of the case the defendant did request an instruction that the jury was not to consider any damages which arose out of the second accident. The judge ruled on that motion by sustaining it as to those injuries not related in any way to injuries sustained in the first accident, and overruling it in part by permitting the jury to consider the effect the second accident may have had on injuries sustained in the first one. Objection to the trial court's ruling was asserted in the defendant's motion for a new trial.

On its facts, this case appears to be one of first impression in this state. The cases are annotated in 31 A.L.R. 3d 1000, in an annotation entitled: "Proximate Cause: Liability of Tortfeasor for Injured Person's Subsequent Injury or Reinjury." There the author of the annotation states the general rule which we adopt: "* * * a tortfeasor whose negligence has caused injury to another is also liable for any subsequent injury or reinjury that is the proximate result of the original injury, except where the

subsequent injury or reinjury was caused by either the negligence of the injured person, or by an independent or intervening act of the injured person, or by an independent or intervening act of a third person.'' See, also, Restatement, Torts 2d, § 460.

While to state the rule is easier than to apply it, an analysis of the cases cited in the annotation and of the evidence in this case leads us to the conclusion that there was insufficient evidence to justify the trial court in submitting the issue of plaintiff's right to recover from the defendant for the second injury or reinjury. The proximate cause of the second accident and injury was the independent act of the plaintiff. The medical testimony did not support her claim, and the jury would have had to speculate that the blackout was caused by the injuries she sustained in the first accident. Cases cited by plaintiff are distinguishable on their facts.

While not essential to a disposition of this appeal, we note that the trial judge in instructing the jury used the pattern jury instruction on concurrent cause (N.J.I. No. 3.42) on the issue of damages and also instructed the jury that if it found the second accident was a concurring cause of injuries sustained by plaintiff she could recover for the whole thereof. The jury was further instructed that if it found the second accident to be a subsequent intervening cause the plaintiff could not recover for injuries which proximately resulted from the second accident, but if the jury could not separate the injuries which proximately resulted from one incident from the other, the plaintiff could recover for the whole thereof. These instructions were erroneous because they would have subjected the defendant to payment of damages for which he was not responsible. See Bruckman v. Pena, 29 Colo. App. 357, 487 P. 2d 566.

The judgment is reversed and the cause remanded for a new trial.

REVERSED AND REMANDED.