**Robert E. WATKINS, Appellee,**

v.

**James Richard HAND, Appellant.**

**No. 76–1644.**

United States Court of Appeals,
Eighth Circuit.

Submitted Feb. 17, 1977.

Decided June 29, 1977.

J. Thomas Rowen, Miller & Rowen, Omaha, Neb., on brief for appellant.

Warren C. Schrempp, Schrempp & McQuade, Omaha, Neb., for appellee; Richard E. Shugrue and Thomas G. McQade, Omaha, Neb., on brief.

Before LAY and WEBSTER, Circuit Judges, and REGAN,* District Judge.

REGAN, District Judge.

In this diversity action governed by Nebraska law, plaintiff recovered judgment for $25,000 for loss of consortium and for medical expenses incurred in the treatment of his wife's injuries.

On December 15, 1971, Cheryl Watkins, plaintiff's spouse, sustained injuries in a violent automobile collision admittedly caused by defendant's negligence in driving through a red light. Her major injury was diagnosed as a cervical-dorsal strain accompanied by muscle tension headaches. Some eight months later, her physician initiated for her a program of out-patient physical therapy at a hospital.

On October 7, 1972, while driving to the hospital for a prescribed therapy session, Cheryl "blacked" out and her automobile struck a tree. As the result of that accident, Cheryl suffered severe facial injuries and her soft tissue injury was aggravated. However, there was no causal relationship between the two accidents.

In a companion case tried in a state court, Cheryl recovered judgment against defend-

---

* The Honorable John K. Regan, United States District Judge for the Eastern District of Missouri, sitting by designation.

ant herein. An appeal from that judgment was pending at the time this appeal was argued and submitted. Both cases involve the issue of defendant's liability for the aggravation of Cheryl's soft tissue injury.

Dr. Dwight M. Frost, Cheryl's physician, testified in her case that the cervical-dorsal strain which she suffered in the first accident made her more vulnerable to further injury and that she now has a permanent partial disability of 10 to 15 per cent. He frankly conceded that but for the second accident Cheryl's condition would have cleared up with no permanent disability whatever. Dr. Frost's testimony as given in Cheryl's suit was read in evidence in the present case and is the only basis for plaintiff's contention that his wife sustained a permanent injury for which defendant should be held liable.

Based on the testimony of Dr. Frost, the district court, over defendant's objection, admitted into evidence life expectancy tables of Cheryl and her husband and thereafter instructed the jury to consider Cheryl's permanent disability for the remainder of her life in assessing plaintiff's damages. The court also instructed the jury that although the defendant was not responsible for the harm caused by the second accident, nevertheless "as to those injuries sustained in both accidents which are similar in nature, if you are unable to determine the contribution of defendant, plaintiff must prove that the act of defendant played a substantial part in bringing about the entire injuries in order for you to find defendant liable for the entire injuries as they related to plaintiff's claim for loss of consortium and medical bills."

On May 11, 1977, the Nebraska Supreme Court reversed Cheryl's judgment and ordered a new trial on the ground that the jury was improperly allowed to consider the effect the second accident may have had on the injury she sustained in the first acci-

dent.[1] The case was one of first impression in Nebraska. In the opinion in *Cheryl's* case, the Supreme Court of Nebraska, after first adopting the general rule as stated in 31 A.L.R.3d 1000,[2] held that *"(t)he proximate cause of the second accident and injury was the independent [although non-negligent] act of Plaintiff"* in blacking out, so that defendant could not be held liable for the reinjury or aggravation of the injuries caused by him.

Applying the law as expounded in *Cheryl's* case, we are convinced that a re-trial is also mandated in her husband's case. The Nebraska Supreme Court having determined, on identical evidence, that the second injury may not be taken into account in determining the extent of defendant's liability, there is no substantial evidence that Cheryl sustained any permanent injury as the result of the first accident.

The effect of the district court's ruling in admitting the life expectancy tables into evidence and in giving an instruction based thereon, over defendant's exception, authorized the jury to take into consideration the present permanent disability of the plaintiff's spouse even though that *disability* resulted solely from the second accident for which defendant was not responsible.

The foregoing disposition of the appeal makes it unnecessary to determine whether defendant adequately excepted to the general instruction on damages (which differed from that given in *Cheryl's* case). We note in passing that, contrary to plaintiff's contention, the Nebraska Supreme Court held that although the instruction given therein was erroneous, such finding was "not essential to a disposition of this appeal."

So, too, it is unnecessary to consider in depth defendant's further contention that certain of the medical bills were erroneously admitted into evidence. The bills object-

1. *Watkins v. Hand*, Neb., 253 N.W.2d 287.

2. "A tort-feasor whose negligence has caused injury to another is also liable for any injury or reinjury that is the proximate result of the original injury, *except* where the subsequent injury or reinjury was caused by either the negligence of the injured person, or *by an independent or intervening* act of the injured person, or by an independent or intervening act of a third person."

ed to were bills incurred subsequent to the second accident. On re-trial, it will be necessary for plaintiff to prove that such bills would have been incurred had not the second accident occurred.

Reversed and remanded for a new trial.