■ MARGARITA ORTIZ et al., Appellants, v MICHAEL MENDO-

LIA et al., Respondents.—In a negligence action to recover damages for personal injuries and property damage, etc., plaintiffs appeal, as limited by their brief, from so much of a "revised" judgment of the Supreme Court, Nassau County (Berman, J.), entered August 1, 1983, as dismissed the personal injury claim of plaintiff Margarita Ortiz and the collateral claim of plaintiff Pedro Ortiz for loss of spousal services, after a jury trial at which defendants conceded liability but the jury answered in the negative to three specific interrogatories pertaining to the no-fault insurance threshold of serious physical injury. (The notice of appeal from a judgment dated June 1, 1983 is deemed a premature notice of appeal from the "revised" judgment.)

"Revised" judgment affirmed, insofar as appealed from, without costs and disbursements.

We find no merit to appellants' claim that the first three interrogatories propounded to the jury and the court's charge precluded the jury from considering whether or not the subject accident of December 17, 1979 exacerbated and made symptomatic a preexisting medical condition that had been asymptomatic. It is clear from the evidence, from the summation of appellants' own counsel (wherein he, in referring to the compensable injuries in this case, used the word "solely"), and from the charge, that a major issue was whether plaintiff Margarita Ortiz's disability flowed from the accident of December 17, 1979 or from a subsequent accident on November 10, 1980, in which she was involved. Thus, the court correctly charged:

"If you find that before this accident the plaintiff had a preexisting spondylolisthesis * * * of the lower back, you must first decide whether it was dormant. If you find by a fair preponderance of the evidence that it was dormant, and find, further, *that because of the accident* this condition was aggravated so as to cause suffering and disability, then the plaintiff is entitled to recover for any disability or pain *resulting from such aggravation from this accident.*

"If, however, you find that the second accident of November 10, 1980, that is the separate one from the one we just talked about, still further aggravated this condition, or caused additional injuries, you may not award any damage for any disability, pain or injuries, resulting from the second accident. Plaintiff is not entitled to recover for any physical ailment or disability which existed prior to the collision or from any injuries which she may now be suffering which were not

caused or contributed by the collision of December 17, 1979. *Recovery must be confined to those damages due to the enhancement and aggravation of the pre-existing condition, not the condition itself, and only to those damages which flowed from the December 17, 1979 accident, and nothing more"* (emphasis added).

That charge placed the issues in proper context.

Further, the interrogatories used the words "solely as a result of the accident of December 17, 1979":

"Did the plaintiff, Margarita Ortiz, solely as a result of the accident of December 17, 1979, sustain an injury which resulted in a permanent loss of the use of a body function or system * * *

"Did the plaintiff, Margarita Ortiz, solely as a result of the accident of December 17, 1979, sustain an injury which resulted in a significant limitation of the use of a body function or system * * *

"Did the plaintiff, Margarita Ortiz, solely as a result of the accident of December 17, 1979, sustain a medically determined injury or impairment of a non-permanent nature which prevented her from performing substantially all of the material acts which constituted her usual and customary daily activities for not less than ninety (90) of the one hundred and eighty (180) days immediately following the occurrence of the injury or impairment".

We find no error in the charge and interrogatories presented to the jury. Gibbons, J. P., Weinstein, Eiber and Kooper, JJ., concur.