(827 P.2d 774)

No. 66,461

CAROL J. BARKLEY, *Appellee*, v. IVAN J. FREEMAN, *Appellant*.

Opinion filed February 28, 1992.

*Darrell L. Warta, Trisha A. Thelen,* and *Stephen M. Kerwick*, of Foulston & Siefkin, of Wichita, for appellant.

*Michael B. Brewer*, of Law Offices of Jerry L. Berg, P.A., of Wichita, for appellee.

Before BRISCOE, C.J., LARSON, J., and NELSON E. TOBUREN, District Judge, assigned.

LARSON, J.: Ivan L. Freeman appeals a jury verdict of $165,156.75 in favor of Carol J. Barkley for damages from whiplash injuries she sustained after the car in which she was riding was rear-ended by a car driven by Freeman.

Freeman's primary issue on appeal is that the trial court erroneously instructed the jury it could consider whether Barkley's

injuries were aggravated by a later automobile accident and, if so, she was entitled to additional compensation from Freeman.

Freeman also claims he was unfairly prejudiced by erroneous rulings, remarks concerning the evidence, and criticism of defense counsel in the jury's presence. The final contention on appeal is that the trial court erred by overruling Freeman's motion for directed verdict, which allowed the jury to consider Barkley's claim for loss of future earnings.

Evidence at trial showed Barkley had been involved in three automobile accidents. The first, in 1985, resulted in a slight pull in the neck muscles with a return to normalcy until the January 1989 accident, which is the subject of this litigation.

Barkley also was involved in an automobile accident in November of 1989. Barkley testified she did not believe she was injured in that accident, but her physician, Dr. Jed Holmes, testified the subsequent accident did aggravate the injuries caused by Freeman in the January 1989 collision.

At the close of trial and over Freeman's objection, the trial court gave instruction No. 7, which states:

"In your evaluation of plaintiff's injuries occurring on January 13, 1989, you may take into account whether or not those injuries were aggravations of a pre-existing injury or condition.

"You may also take into account whether or not those injuries were aggravated by a later injury.

"If those before and after injuries did not affect plaintiff's condition arising from her injury of January 13, 1989, then you would of course, disregard them.

"If you decide the injury before created a condition or there was a pre-existing condition which was aggravated by the present injury then the aggravation is to be compensated for as a part of your verdict.

"If you decide the later injury prolonged the effects of or aggravated the plaintiff's injuries occurring on January 13, 1989, then plaintiff is entitled to be compensated as a part of your verdict.

"If you decide the later injury separately and independently from pre-existing conditions and separately and independently from the injuries sustained on January 13, 1989, under inquiry has made a separate disability to plaintiff she is not entitled to compensation for that.

"The facts of an earlier and later automobile accident are not to be considered by you in any way in your determination of fault or liability. They are admitted for the sole purpose of your being able to consider whether or not injuries therein sustained contributed in any way to plaintiff's condition arising from injuries occurring on January 13, 1989."

After Freeman's post-trial motions, which essentially featured his continuing objection to instruction No. 7, were overruled, he filed this appeal.

Freeman contends the language contained in jury instruction No. 7 is erroneous because it makes him liable for the injuries incurred in a subsequent automobile accident resulting from another driver's negligence and has the effect of allowing Barkley to recover from the later negligent driver as well.

Barkley argues Freeman is barred from asserting his contention because he failed to preserve the claims of comparative negligence and comparative causation in the pretrial order. Alternatively, Barkley argues instruction No. 7 is a proper statement of the law of proximate cause.

The issues identified in the pretrial order were the nature, extent, and cause of injuries, as is usual in a motor vehicle/personal injury case.

The general rule is that "a pretrial order controls the subsequent course of the action unless modified to prevent manifest injustice." *State ex rel. Stephan v. GAF Corp.*, 242 Kan. 152, 161, 747 P.2d 1326 (1987); see K.S.A. 1991 Supp. 60-216. When issues not raised or set forth in the pleadings are tried by the express or implied consent of the parties, following K.S.A. 60-215(b), the issues are treated as if they had been raised, even if a pretrial order is in effect. See *Thompson v. Aetna Life Ins. Co.*, 201 Kan. 296, 300, 440 P.2d 548 (1968).

During trial, it was obvious that issues had arisen concerning both the preexisting condition of Barkley, as well as aggravation of the injury which may have taken place as a result of the third accident. Barkley's own counsel questioned her concerning the prior automobile accident and did not object when Freeman's counsel questioned Barkley regarding the third accident. The medical evidence relating to Barkley's conditions also was admitted without objection.

These issues were tried with the implied consent of both parties, and we will consider the contested instruction on appeal. See *Kiser v. Gilmore*, 2 Kan. App. 2d 683, Syl. ¶ 3, 587 P.2d 911 (1978), *rev. denied* 225 Kan. 844 (1979).

The standard of review of jury instructions was enunciated in *Trout v. Koss Constr. Co.*, 240 Kan. 86, 88-89, 727 P.2d 450 (1986):

"It is the duty of the trial court to properly instruct the jury upon the theory of the case. Errors regarding jury instructions will not demand reversal unless they result in prejudice to the appealing party. Instructions in any particular action are to be considered together and read as a whole, and where they fairly instruct the jury on the law governing the case, error in an isolated instruction may be disregarded as harmless. If the instructions are substantially correct, and the jury could not reasonably be misled by them, the instructions will be approved on appeal. [Citation omitted.]"

Barkley contends instruction No. 7 is a proper statement of the law of proximate cause, while Freeman asks us to isolate our consideration to that one paragraph in instruction No. 7 that states:

"If you decide the later injury prolonged the effects of or aggravated the plaintiff's injuries occurring on January 13, 1989, then plaintiff is entitled to be compensated as a part of your verdict."

Freeman contends this instruction makes him liable not only for aggravation of a preexisting condition, but also for all the consequences of another driver's negligence that occurred some 10 months after the incident which is the subject of this suit.

Barkley makes a proximate cause argument in her brief, citing *Baker v. City of Garden City*, 240 Kan. 554, 731 P.2d 278 (1987). She claims that the jury was correctly instructed because the following paragraph came after the paragraph in instruction No. 7 to which Freeman so ardently objects:

"If you decide the later injury separately and independently from pre-existing conditions and separately and independently from the injuries sustained on January 13, 1989, under inquiry has made a separate disability to plaintiff she is not entitled to compensation for that."

To this argument, Freeman counters that *Baker v. City of Garden City* involved different acts of fault for one accident, while in this case the injuries were caused by two distinct and different accidents.

Barkley also claimed at oral argument that Freeman failed to preserve this issue by not having the fault of the party causing the November 1989 injury compared because K.S.A. 1991 Supp. 60-258a encompasses anyone who causes the injury. *Mick v.*

*Mani,* 244 Kan. 81, 766 P.2d 147 (1988), was claimed to be authority for this contention, although the cite and argument were not raised in Barkley's brief.

Finally, Freeman claims, if he is responsible for the consequences of some other driver's negligence that happened 10 months later and the other tortfeasor is equally responsible for such injury and damages, this allows Barkley two recoveries for damages from the third accident while Freeman is entitled to no offset or contribution from the third-accident tortfeasor. Barkley responds to this argument by contending Freeman had the obligation to make the third-accident tortfeasor a party herein and have the contribution to liability of all the parties compared.

We find no direct Kansas authority on the issue of whether a defendant will be liable for the aggravation in a subsequent automobile collision for injuries the defendant caused a plaintiff in a prior automobile accident. Neither is there a PIK instruction that sets forth a proper instruction in cases like this.

It is clear in Kansas that " '[o]ne who has a weakened or preexisting condition of the body and who is injured by the negligent act of another, is entitled to damages from the wrongdoer if the prior existing condition is aggravated or made more severe by reason of the negligent act of the wrongdoer.' " *Rowe v. Maule Drug Co.,* 196 Kan. 489, 492, 413 P.2d 104 (1966); PIK Civ. 2d 9.43.

It is also clear that existing Kansas law imposes liability upon a tortfeasor causing the initial injury for any additional bodily harm resulting from normal efforts of third parties in rendering aid which the injury reasonably requires, irrespective of whether such acts are done in a proper or negligent manner. *Fieser v. St. Francis Hospital & School of Nursing, Inc.,* 212 Kan. 35, Syl. ¶ 1, 510 P.2d 145 (1973). The cases setting forth this rule have historically involved a physician's malpractice occurring in the treatment of the original injury. *Paris v. Crittenden,* 142 Kan. 296, 46 P.2d 633 (1935); *Keown v. Young,* 129 Kan. 563, 283 Pac. 511 (1930). The theory under which liability is continued in the initial tortfeasor is that it is foreseeable that the medical treatment could aggravate the initial injury. Our legal issue then becomes one of whether the later accident is foreseeable or is the result of an intervening act or cause.

When issues are raised concerning the existence of an intervening cause, PIK Civ. 2d 5.03 should be given to the jury: .

"If an injury arises from two distinct causes which are independent and unrelated, then the causes are not concurrent. Consideration then must be given to the question whether the causal connection between the conduct of the party responsible for the first cause and the injury was broken by the intervention of a new, independent cause which acting alone would have been sufficient to have caused the injury. If so, the person responsible for the first cause would not be liable for the injury. If, however, the intervening cause was foreseen or should reasonably have been foreseen by the person responsible for the first cause, then such person's conduct would be the cause of the injury, notwithstanding the intervening cause, and. he would be liable therefor."

The objected-to instruction appears to contain wording from our pattern instruction on intervening causes as well as reference to preexisting and subsequent conditions. However, we must examine the proposed instruction along with all. the other ·instructions and not with a narrow vision, as suggested by Freeman.

Any discussion of intervening causes in Kansas logically begins with *Steele v. Rapp*, 183 Kan. 371, 384, 327 P.2d 1053 (1958), which held:

"[T]he unintentional dropping of the bottle of volatile fluid, even if negligent of itself, does not relieve the defendant of his initial and primary liability for his negligence in placing in commerce a highly inflammable and explosive substance and failing to warn or advise users of the inherently dangerous character of the apparently innocuous substance sold and delivered to the beauty shop, when the defendant knew or should have known of its dangerous characteristics and should have reasonably apprehended that it would explode and burn if not handled with great care by employees of the beauty shop."

The majority opinion cited *Palsgraf v. Long Island R.R. Co.*, 248 N.Y. 339, 162 N.E. 99 (1928), as an example of the divergent opinions of courts on the subject of proximate and remote cause, but set forth the generally applicable rules as follows:

" '. . . [T]he rule that the causal connection between an actor's negligence and an injury is broken by the intervention of a new, independent and efficient interviewing cause, so that the actor is without liability, is subject to the qualification that if the intervening cause was foreseen or might reasonably have been foreseen by the first actor, his negligence may be considered the proximate cause, notwithstanding the intervening cause. [Citations omitted.] It has also been held that one who negligently creates a dangerous condition cannot escape liability for the natural and probable

consequences thereof, although the innocent act of a third person may have contributed to the final result. See *Crow v. Colson*, 123 Kan. 702, 256 Pac. 971, 53 A.L.R. 457, where it was said:

" ' "Where defendant knows or has reasonable means of knowing that consequences not usually resulting from the act are likely to intervene so as to occasion damages, he is liable although it be not an ordinary and natural consequence of the negligence." ' [Citation omitted.]" 183 Kan. at 377 (quoting *Rowell v. City of Wichita*, 162 Kan. 294, 303, 176 P.2d 590 [1947]).

The court went on to say:

" " ' . . . The question is not whether it was a possible consequence, but whether it was probable, that is, likely to occur, according to the usual experience of mankind. That this is the true test of responsibility applicable to a case like this has been held in very many cases, according to which a wrongdoer is not responsible for a consequence which is merely possible, according to occasional experience, but only for a consequence which is probable, according to ordinary and usual experience. One is bound to anticipate and provide against what usually happens and what is likely to happen; but it would impose too heavy a responsibility to hold him bound in like manner to guard against what is unusual and unlikely to happen, or what, as it is sometimes said, is only remotely and slightly probable. A high degree of caution might, and perhaps would, guard against injurious consequences which are merely possible; but it is not negligence, in a legal sense, to omit to do so.' " 183 Kan. at 378.

Although the question of whether a negligent act is the proximate or efficient cause of an injury is one for the jury, the *Steele* court recognized if "two distinct, successive causes, unrelated in their operation, conjoin to produce a given injury the question of remote and proximate cause becomes one of law for the decision of the court, and not a question of fact for determination by a jury." 183 Kan. at 383. See *Cruzan v. Grace*, 165 Kan. 638, Syl. ¶ 3, 198 P.2d 154 (1948); *Richards v. Chicago, R.I. & P. Rly. Co.*, 157 Kan. 378, 384, 139 P.2d 427 (1943).

It was more recently stated in *Finkbiner v. Clay County*, 238 Kan. 856, 862, 714 P.2d 1380 (1986):

"An intervening act of negligence is one which actively operates in producing harm to another after the original act of negligence or omission has been committed. In determining issues of legal or direct cause, an intervening cause has been said to be material insofar as it supersedes a prior wrong as the direct cause of an injury by breaking the sequence of events between the original wrong and the injury received. One person's negligence is not the proximate or direct cause of an injury where there is a new,

separate, wholly independent, and efficient intervening cause of the injury and the loss. [Citation omitted.]"

The issue then becomes one of deciding if we can determine, as a matter of law, if the third automobile accident is a foreseeable event or if its occurrence is an efficient intervening cause. Without direct Kansas holdings, we look to similar fact situations decided by other states.

In *Armstrong v. Bergeron*, 104 N.H. 85, 178 A.2d 293 (1962), the court found the subsequent accident "intervened to break the chain of causation between the original injury resulting from the first accident in which defendant was involved." The court concluded "[i]t was error for the Trial Court to submit to the jury the aggravation of this injury by the second accident as an element of damage which might be recovered against the defendant in the present action." 104 N.H. at 86-87.

In *Braunstein v. McKenney*, 73 So. 2d 852, 853 (Fla. 1954), the Florida Supreme Court stated:

"The second accident took place as plaintiff was riding on a motor scooter on a heavily travelled street. The two accidents occurred about nine months apart, and the evidence was insufficient to show that the injury received in the first accident was the proximate cause of the second accident. Under such circumstances, the trial court should have determined, as a matter of law, that the defendants were not liable for the injuries sustained in the second accident and should have withdrawn from the jury a consideration of this question."

*Bruckman v. Pena*, 29 Colo. App. 357, 487 P.2d 566 (1971), involved a second collision 11 months later in which plaintiff's initial injuries were aggravated, and it was deemed erroneous to make the party responsible for the injuries in the first accident liable for the entire disability.

Other cases similarly hold a defendant is not liable for the aggravation in a subsequent automobile accident of a plaintiff's injuries caused by that defendant in a prior automobile accident. See *Stevens v. Gulf American Fire & Casualty Company*, 317 So. 2d 199 (La. App. 1975); *Watkins v. Hand*, 198 Neb. 451, 253 N.W.2d 287 (1977); *Ortiz v. Mendolia*, 116 App. Div. 2d 707, 497 N.Y.S.2d 761 (1986); *Hashimoto v. Marathon Pipe Line Co.*, 767 P.2d 158 (Wyo. 1989). See Annot., 31 A.L.R.3d 1000.

Freeman had no involvement in the November 1989 automobile accident. It was not a reasonably foreseeable result of his January 1989 negligent act. The third accident is not something which one would anticipate and consider likely to happen. We hold, as a matter of law, the November 1989 automobile accident was a separate, wholly independent act that is an efficient intervening cause so as to break the causal chain of liability which commenced with defendant's January 1989 negligence.

There are portions of instruction No. 7 that are proper legal statements, but the portion which makes Freeman responsible for the aggravation of the January 1989 injuries by the later automobile accident is clearly erroneous. This does not, however, automatically require reversal because we must consider the instructions as a whole and determine if the error was harmless or if the instruction so substantially correct that it could not have misled the jury.

The Kansas Supreme Court has held that an incorrect instruction must be presumed prejudicial unless the contrary is clearly shown and that an erroneous instruction on a material issue requires a reversal. *Van Mol v. Urban Renewal Agency*, 194 Kan. 773, 776, 402 P.2d 320 (1965); see *Meyer v. Stone*, 6 Kan. App. 2d 254, 256, 627 P.2d 1155, *rev. denied* 230 Kan. 818 (1981). The interaction of the three injuries were the material issues in the trial. We hold, after considering the instruction as a whole, the objected-to wording of instruction No. 7 is sufficiently erroneous and relates to critical issues in the trial so as to require reversal and the granting of a new trial.

Barkley's argument that *Mick v. Mani*, 244 Kan. 81, interprets K.S.A. 1991 Supp. 60-258a to require Freeman to join the tortfeasor who caused the November 1989 automobile accident is not persuasive for two reasons: First, it was not briefed to us and was raised for the first time on oral argument. *Feldt v. Union Ins. Co.*, 240 Kan. 108, 112, 726 P.2d 1341 (1986). Second, although *Mick v. Mani*, 244 Kan. at 87-89, recognized the one-action rule was applied to successive causation and successive tortfeasors in *Teepak, Inc. v. Learned*, 237 Kan. 320, 329, 699 P.2d 35 (1985) (even though Teepak, the manufacturer of a claimed defective product, and Learned, the allegedly negligent treating physician, were not "strictly speaking, parties to the same

occurrence"), here there are two distinctly different occurrences that took place 10 months apart which are not required to be the subject of one legal action.

Because a new trial is ordered, we need not reach the other issues on appeal that may or may not exist at the retrial, which we order to be held before a different judge.

Reversed and remanded for a new trial.