■ AUGUSTIN VELEZ et al., Appellants, v BRIAN M. SVEHLA et al., Respondents. [645 NYS2d 842] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Orange County (Peter C. Patsalos, J.), entered February 16, 1995, which, upon a jury verdict, is in favor of the defendants and against them dismissing the complaint.

Ordered that the judgment is reversed, on the law and as a matter of discretion, and the plaintiffs are granted a new trial, with costs to abide the event.

On September 5, 1991, the plaintiff Augustin Velez stopped his vehicle behind a school bus, was struck in the rear by the defendants' vehicle, and allegedly sustained personal injuries. Thereafter, he and his wife commenced the instant action.

The issues of whether the plaintiff Augustin Velez suffered "serious injury" pursuant to Insurance Law § 5102 (d) and the extent of the plaintiffs' damages were tried before a jury. During the trial, the plaintiffs submitted evidence that, as a result of the accident, Mr. Velez suffered a herniated disk with nerve root compression, which, at the time of trial, over three years after the accident, still prevented him from returning to the employment he was engaged in before the accident.

The defendants' expert testified that Mr. Velez suffered from spondylolisthesis, which is a congenital back condition, and a bulging disk, but not a herniated disk. Upon the plaintiffs' vehement objection, overruled by the trial court, the defendants' expert testified: "The statistics show in completely asymptomatic individuals 20 to 39 years of age who never complained of back pain in their life, 22 percent show a herniated disk, 56 percent show a bulging disk, 50 percent show a degenerative disk and 1 percent show spinal stenosis in individuals who never complained of back pain in their life * * * So statistically it's extremely rare to take an MRI of the cervical and lumbar spine on anybody, even a young person, and get completely negative studies".

The defendants' expert provided no basis for that testimony. Thereafter, on redirect examination, the defendants' expert stated: "If you do MRI's of the cervical and lumbar spine, everyone in this room would have at least one herniated disk on a statistical basis".

The plaintiffs' counsel again objected to this testimony as "speculation", but the defendants' expert retorted "No, it's not speculation", and the court never ruled on the validity of the objection.

The Court of Appeals has held that if an expert relies on out-of-court material, "there must be evidence establishing the reliability of the out-of-court material" (*Hambsch v New York City Tr. Auth.,* 63 NY2d 723, 726; *People v Sugden,* 35 NY2d 453, 460-461). In the instant case, the basis for the statistical testimony provided by the defendants' expert was not revealed. Therefore, there was no indication that the testimony was reliable, and not mere speculation. Without an adequate foundation, that testimony was inadmissible (*see, Vetere v Garcia,* 211 AD2d 631). Further, since Mr. Velez contended that his back condition constituted a "serious injury", the testimony was highly prejudicial.

The court, in its instructions to the jury, erroneously implied that in order to find "serious injury" based upon a significant limitation of use of a body function or system, it must also find a permanent loss of a body function or system. Moreover, the verdict sheet should have contained separate interrogatories with respect to each theory of serious injury (*see, Behan v Data Probe Intl.,* 213 AD2d 439; *see also, Steidel v County of Nassau,* 182 AD2d 809, 813), but instead posed only one interrogatory which asked whether Mr. Velez sustained " 'serious injury' according to the statute as defined to you by the judge". This error exacerbated the error in the jury instructions by further blurring the distinctions between the various theories of "serious injury" submitted to the jury.

It cannot be said that these errors did not affect the jury's verdict that Mr. Velez did not suffer "serious injury" within the meaning of Insurance Law § 5102 (d). Accordingly, the plaintiffs are granted a new trial. Miller, J. P., O'Brien, Goldstein and McGinity, JJ., concur.