■ CAROL PANZARINO, Respondent-Appellant, v ANTHONY CARELLA, Appellant-Respondent. [669 NYS2d 301] —In an action

to recover damages for medical malpractice, the defendant appeals from (1) a judgment of the Supreme Court, Westchester County (DiBlasi, J.), dated December 11, 1996, which, upon a jury verdict, is in favor of the plaintiff and against him in the principal sum of $200,000, and (2) an order of the same court dated February 27, 1997, which denied the defendant's post judgment motion to set aside the verdict or to reduce the award of damages. The plaintiff cross-appeals from the judgment on the ground that the judgment failed to award her damages for future pain and suffering.

Ordered that the judgment is reversed, on the facts and as an exercise of discretion, with costs, and a new trial is granted on the issue of damages for past pain and suffering, unless within 30 days after service upon the plaintiff of a copy of this decision and order with notice of entry, the plaintiff shall serve and file in the office of the Clerk of the Supreme Court, Westchester County, a written stipulation consenting to reduce the verdict as to damages for past pain and suffering from $200,000 to $100,000 and to the entry of an amended judgment accordingly. In the event that the plaintiff so stipulates, then the judgment, as so reduced and amended, is affirmed, without costs or disbursements; and it is further,

Ordered that the order is modified accordingly, without costs or disbursements.

The plaintiff sued the defendant for malpractice alleging that the defendant improperly treated her after performing arthroscopic knee surgery on January 30, 1990, during which the defendant made four small openings or portals on the plaintiff's left knee. At trial, the plaintiff and her mother testified that at a follow-up visit on February 5, 1990, the defendant told the plaintiff that she could shower and resume household activities even though one of the portals was open. The defendant testified that the portals were dry and sealed and in the process of healing. Thereafter, the plaintiff developed an infection in her knee which required a second procedure. She remained in the hospital for 18 days during which time she received antibiotics intravenously. She had to use crutches for an additional two weeks. The plaintiff's expert testified that if one of the portals were open at the time of the plaintiff's visit with the defendant on February 5, 1990, the defendant's instructions to the plaintiff during that visit were a departure from acceptable medical standards.

The defendant's contention that the verdict was against the weight of the credible evidence is without merit. The operative factor in a court's determination whether to set aside the

verdict is a finding that "the jury could not have reached the verdict on any fair interpretation of the evidence" (*Delgado v Board of Educ.*, 65 AD2d 547, *affd* 48 NY2d 643; *see also, Nicastro v Park,* 113 AD2d 129, 134). The plaintiff's case rested on a finding as to whether the portal was open or closed on February 5, 1990. There was sufficient evidence adduced from both the plaintiff and her mother which would support a finding that the portal was open. Although the defendant testified to the contrary, "the credibility of the witnesses and the accuracy of their testimony were issues for the jury to determine" (*Rosenberg v Rixon,* 111 AD2d 910, 911).

The defendant's objections to the conclusions testified to by the plaintiff's expert at trial are unpreserved for appellate review (*see,* CPLR 5501 [a] [3]) and, in any event, without merit. The plaintiff's expert's conclusions at trial were properly drawn from facts in the record (*see, Cassano v Hagstrom,* 5 NY2d 643).

The award of $200,000 for past pain and suffering deviates from what would be reasonable compensation to the extent that the award exceeds $100,000 (*see,* CPLR 5501 [c]). We therefore grant a new trial on the issue of these damages unless the plaintiff stipulates to the entry of an amended judgment in the reduced sum.

The plaintiff's contention that the trial court erred in failing to charge the jury as to damages for future pain and suffering is unpreserved for appellate review (*see,* CPLR 5501 [a] [3]; *Moore v Leaseway Transp. Corp.,* 49 NY2d 720). The plaintiff did not object to the exclusion of the charge before the jury was charged. In addition, the plaintiff did not except to the charge after it was given to the jury. In any event, the claimed error is without merit since the plaintiff's expert's testimony was speculative at best in connecting the plaintiff's continuing injury with the defendant's malpractice (*see, Ortiz v Mendolia,* 116 AD2d 707). Mangano, P. J., Bracken, Copertino and Santucci, JJ., concur.