LENORE SANDY et al., Appellants, v NEW YORK CITY TRANSIT AUTHORITY, Respondent. [747 NYS2d 110]

The plaintiffs brought the instant action to recover damages for personal injuries which each suffered in a head-on collision with a van owned by the defendant New York City Transit Authority (hereinafter the NYCTA). Prior to trial, the NYCTA conceded liability. Following a trial on the issue of damages only, the jury returned a verdict awarding the plaintiff Lenore Sandy the sums of $200,000 for past pain and suffering and $150,000 for future pain and suffering, covering a period of 49 years, and awarding the plaintiff Orlyn Harford the sums of $275,000 for past pain and suffering and $150,000 for future pain and suffering, covering a period of 43 years. Thereafter, the NYCTA moved pursuant to CPLR 4404 (a) to set aside the verdict as excessive and for a new trial on damages only. The court granted the NYCTA's motion unless Sandy stipulated to a reduction of the verdict to $75,000 for past pain and suffering and $50,000 for future pain and suffering, and Harford stipulated to reduce the verdict to $100,000 for past pain and suffering and $25,000 for future pain and suffering. The plaintiffs appeal.

We agree with the Supreme Court's conclusion that the amount of damages awarded by the jury deviated materially from what would be reasonable compensation (see CPLR 5501 [c]). However, we also conclude that the Supreme Court's determination as to the amount to which the verdict should be reduced also deviated materially from what would be reasonable compensation (see CPLR 5501 [c]). As to plaintiff Sandy, the evidence showed, inter alia, that she was hospitalized for five days after the collision, during which she experienced severe chest pain. It was subsequently determined that she had multiple rib fractures, which resulted in severe pain and diminished breath. She also injured her left knee and suffers from crepitation of that knee. We conclude that an award of $100,000 for past pain and suffering and $75,000 for future pain and suffering represents reasonable compensation for Sandy's injuries (see Fredericks v Gentile, 180 AD2d 446; see also Kastick v U-Haul Co. of W. Mi., 292 AD2d 800; Hopke v Germane, 1998 WL 760235 [SD NY, Oct. 29, 1998]).

As to the plaintiff Harford, the evidence showed, inter alia, that he was taken to the emergency room at Kings County Hospital after the accident. His knees were stitched, a naso-gastric tube was placed down his nasal passage, an internal jugular swanz catheter was inserted into his chest, and a foley

catheter was inserted into his bladder. He remained hospital-ized for 10 days, including three days in intensive care. He was diagnosed with, inter alia, a cardiac contusion, which caused severe chest pains, and an injury to his right hand. He was also diagnosed as having Boutonnierre's deformity of his right hand, which prevents him from fully straightening two of his fingers and results in weakness to his hand. We conclude that $125,000 for past pain and suffering and $50,000 for future pain and suffering represent reasonable compensation for Harford's injuries. O'Brien, J.P., Friedmann, H. Miller and Crane, JJ., concur.