■ KATHERINE GALLAGHER, Appellant, v WALTER SAMPLES et al., Respondents. [776 NYS2d 585]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of a judgment of the Supreme Court, Suffolk County (Cohalan J.), dated December 12, 2002, as, upon the granting of her motion for

judgment as a matter of law on the issue of liability made at the close of the trial on liability, and upon a jury verdict on the issue of damages awarding her the sums of only $100,000 for past pain and suffering and $9,000 for past medical expenses and no damages for future pain and suffering or future medical expenses, is in favor of her and against the defendant Walter Samples and Walter Samples, doing business as Samples Used Trucks, in the principal sum of only $109,000.

Ordered that the judgment is modified, on the law and in the exercise of discretion, by adding thereto a provision severing the plaintiff's causes of action as to damages for future pain and suffering and future medical expenses, and granting a new trial with respect to those damages only; as so modified, the judgment is affirmed insofar as appealed from, with one bill of costs to the appellant, and the matter is remitted to the Supreme Court, Suffolk County, for a new trial on the issue of damages for future pain and suffering and future medical expenses.

The jury award for past pain and suffering and past medical expenses did not materially deviate from what would be reasonable compensation in this case (*see Semple v New York City Tr. Auth.*, 301 AD2d 514 [2003]; *Sandy v New York City Tr. Auth.*, 297 AD2d 667 [2002]; *Van Ness v New York City Tr. Auth.*, 288 AD2d 374 [2001]; *Ferrantello v St. Charles Hosp. & Rehabilitation Ctr.*, 275 AD2d 387 [2000]; *Panzarino v Carella*, 247 AD2d 521 [1998]).

However, we agree with the plaintiff that she is entitled to a new trial with respect to damages for future pain and suffering and future medical expenses. The Supreme Court erroneously charged the jury that it could only award future damages upon a finding that she sustained a permanent injury (*see Velez v Svehla*, 229 AD2d 528 [1996]). Although the plaintiff failed to object to the charge, the error was fundamental under the circumstances of the case. Therefore, we reach the issue in the exercise of discretion (*see Decker v Rassaert*, 131 AD2d 626 [1987]). S. Miller, J.P., Luciano, Adams and Townes, JJ., concur.