Reed v Town of Amherst (2023 NY Slip Op 05817)

Reed v Town of Amherst

2023 NY Slip Op 05817

Decided on November 17, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 17, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, OGDEN, NOWAK, AND DELCONTE, JJ.

682 CA 22-01553

[*1]GRANT D. REED AND NICOLE M. REED, PLAINTIFFS-RESPONDENTS,
v
TOWN OF AMHERST, DEFENDANT-APPELLANT. 

CHELUS, HERDZIK, SPEYER & MONTE, P.C., BUFFALO (MICHAEL J. CHMIEL OF COUNSEL), FOR DEFENDANT-APPELLANT.
CHIACCHIA & FLEMING, LLP, HAMBURG, THE SAGE LAW FIRM GROUP PLLC, BUFFALO (KATHRYN FRIEDMAN OF COUNSEL), FOR PLAINTIFFS-RESPONDENTS. 

 Appeal from a judgment of the Supreme Court, Erie County (Paula L. Feroleto, J.), entered September 23, 2022. The judgment, inter alia, adjudged that defendant is liable for damages to plaintiffs and ordered a trial on the issue of damages. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiffs, Grant D. Reed (plaintiff) and Nicole M. Reed, commenced this negligence action seeking damages for injuries allegedly sustained by plaintiff when a branch from a silver maple tree owned by defendant fell and struck him on the head while he was walking in his neighborhood. Following a bifurcated trial on liability, a jury found defendant liable. Supreme Court entered a judgment in favor of plaintiffs on the issue of liability and ordered a trial on the issue of damages. Defendant appeals.
Initially, we conclude that defendant's contention that the court erred in denying its pretrial motion for summary judgment dismissing the complaint is not properly before us on this appeal (see Bonczar v American Multi-Cinema, Inc., 38 NY3d 1023, 1026 [2022], rearg denied 38 NY3d 1170 [2022]).
Defendant challenges the verdict on the ground that it is against the weight of the evidence. As a preliminary matter, we conclude that defendant was not required to preserve that contention by making a postverdict motion for a new trial (see DeFisher v PPZ Supermarkets, Inc., 186 AD3d 1062, 1063 [4th Dept 2020]). Contrary to defendant's contention, the verdict is not against the weight of the evidence. A verdict should not be set aside as contrary to the weight of the evidence unless "the verdict could not have been reached upon any fair interpretation of the evidence" (Siemucha v Garrison, 111 AD3d 1398, 1401 [4th Dept 2013] [internal quotation marks omitted]; see Lolik v Big V Supermarkets, 86 NY2d 744, 746 [1995]). Here, the jury's conclusion that defendant's inspection procedures with respect to its older, larger trees, such as the silver maple tree in question, were unreasonable and that, had a reasonable inspection of such trees been performed, the dangerous condition of the tree in question would have been revealed, is supported by a fair interpretation of the evidence.
Finally, we conclude that the court properly denied defendant's request for a jury charge on comparative negligence. "The issue of negligence, whether of the plaintiff or defendant, is usually a question of fact. It should be submitted to the jury if there is a valid line of reasoning and permissible inferences from which rational people can draw a conclusion of negligence on the basis of the evidence presented at trial" (Bruni v City of New York, 2 NY3d 319, 328 [2004]). Contrary to defendant's contention, the evidence presented at trial supports no valid line of [*2]reasoning that could lead a rational person to the conclusion that plaintiff was negligent for taking a walk in light of the weather conditions that were present when the incident took place. Indeed, the evidence established that, at the time of his walk, the weather was abnormally warm for a February evening, with only calm winds.
Entered: November 17, 2023
Ann Dillon Flynn
Clerk of the Court