Schollmeier v Metropolitan Tr. Auth. (2025 NY Slip Op 06092)

Schollmeier v Metropolitan Tr. Auth.

2025 NY Slip Op 06092

Decided on November 5, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 5, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LINDA CHRISTOPHER
LILLIAN WAN
LAURENCE L. LOVE, JJ.

2023-02407
 (Index No. 706377/18)

[*1]Carly Schollmeier, respondent, 
v
Metropolitan Transit Authority, et al., defendants, Long Island Railroad, appellant.

Law Offices of Curtis, Vasile, Mehary & Dorry P.C., Merrick, NY (Eugene Patrick Devany of counsel), for appellant.
Nancy K. Galassi (Thomas Torto, New York, NY [Jason Levine], of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Long Island Railroad appeals from a judgment of the Supreme Court, Queens County (Karina E. Alomar, J.), entered January 23, 2023. The judgment, upon a jury verdict in favor of the plaintiff and against the defendant Long Island Railroad on the issue of liability and awarding the plaintiff damages for past pain and suffering in the principal sum of $200,000, and, in effect, upon the denial of the motion of the defendant Long Island Railroad pursuant to CPLR 4404(a) to set aside the jury verdict on the issue of liability and for judgment as a matter of law dismissing the complaint insofar as asserted against it, or, in the alternative, to set aside the jury verdict on the issue of liability as contrary to the weight of the evidence or in the interest of justice and for a new trial, or, in the alternative, to set aside, as excessive, the jury verdict on the issue of damages awarding the plaintiff damages for past pain and suffering in the principal sum of $200,000 and for a new trial on the issue of damages for past pain and suffering, is in favor of the plaintiff and against the defendant Long Island Railroad awarding the plaintiff damages for past pain and suffering in the principal sum of $200,000.
ORDERED that the judgment is modified, on the facts and in the exercise of discretion, by deleting the provision thereof awarding damages to the plaintiff for past pain and suffering in the principal sum of $200,000; as so modified, the judgment is affirmed, without costs or disbursements, that branch of the motion of the defendant Long Island Railroad which was pursuant to CPLR 4404(a) to set aside, as excessive, the jury verdict on the issue of damages awarding the plaintiff damages for past pain and suffering in the principal sum of $200,000 and for a new trial on the issue of damages for past pain and suffering is granted, and the matter is remitted to the Supreme Court, Queens County, for a new trial on the issue of damages for past pain and suffering and for the entry of an appropriate amended judgment thereafter, unless within 30 days after service upon the plaintiff of a copy of this decision and order with notice of entry, the plaintiff serves and files in the office of the Clerk of the Supreme Court, Queens County, a written stipulation consenting to reduce the award of damages for past pain and suffering from the principal sum of $200,000 to the principal sum of $100,000, and to the entry of an appropriate amended judgment accordingly; in the event the plaintiff so stipulates, the judgment, as so reduced and amended, is affirmed, without costs or disbursements.
In January 2017, the plaintiff allegedly was injured when she tripped or slipped and fell while walking down a staircase at a Long Island Railroad (hereinafter LIRR) station. The plaintiff commenced this action against, among others, LIRR to recover damages for personal injuries, alleging that the step on which she tripped or slipped was broken and corroded.
A trial on the issue of liability commenced in December 2022. At the conclusion of the liability phase of the trial, the jury found that LIRR was negligent with respect to its failure to maintain the subject staircase. At the conclusion of the damages phase of the trial, the jury awarded the plaintiff damages for past pain and suffering in the principal sum of $200,000 and $0 for future pain and suffering. LIRR moved pursuant to CPLR 4404(a) to set aside the jury verdict on the issue of liability and for judgment as a matter of law dismissing the complaint insofar as asserted against it, or, in the alternative, to set aside the jury verdict on the issue of liability as contrary to the weight of the evidence or in the interest of justice and for a new trial, or, in the alternative, to set aside, as excessive, the jury verdict on the issue of damages awarding the plaintiff damages for past pain and suffering in the principal sum of $200,000 and for a new trial on the issue of damages for past pain and suffering. The Supreme Court denied the motion and a judgment was entered January 23, 2023, in favor of the plaintiff and against LIRR in the principal sum of $200,000. LIRR appeals.
"A motion pursuant to CPLR . . . 4404 for judgment as a matter of law may be granted only 'where the trial court finds that, upon the evidence presented, there is no rational process by which the fact trier could base a finding in favor of the nonmoving party'" (Caliendo v Ellington, 104 AD3d 635, 636, quoting Szczerbiak v Pilat, 90 NY2d 553, 556). "In considering such a motion, 'the trial court must afford the party opposing the motion every inference which may properly be drawn from the facts presented, and the facts must be considered in a light most favorable to the nonmovant'" (Hamilton v Rouse, 46 AD3d 514, 516, quoting Szczerbiak v Pilat, 90 NY2d at 556).
A jury verdict may be set aside as contrary to the weight of the evidence only if "'the evidence so preponderated in favor of [the movant] that the verdict could not have been reached on any fair interpretation of the evidence'" (Avila v VVFJ Realty, LLC, 212 AD3d 699, 700, quoting Lolik v Big V Supermarkets, 86 NY2d 744, 746). "'Where the verdict can be reconciled with a reasonable view of the evidence, the successful party is entitled to the presumption that the jury adopted that view'" (Lara v Arevalo, 205 AD3d 700, 702, quoting Koopersmith v General Motors Corp., 63 AD2d 1013, 1014).
LIRR contends that the plaintiff failed to adduce sufficient evidence of its constructive notice of the alleged defect in the subject step and that the jury verdict on this point was contrary to the weight of the evidence. A defendant has constructive notice of a dangerous or defective condition when it is visible and apparent and has existed for a sufficient length of time to afford the defendant a reasonable opportunity to discover and remedy it (see Gordon v American Museum of Natural History, 67 NY2d 836, 837-838; Vargas v Lamberti, 186 AD3d 1572, 1573).
Here, the evidence adduced at trial showed that LIRR last performed a detailed inspection of the subject staircase in May 2016 (hereinafter the May 2016 inspection), approximately eight months prior to the plaintiff's accident. At the time of the May 2016 inspection, the undersides of the staircases to all platforms at the subject station were noted to have "moderate to heavy corrosion to both treads and risers." The May 2016 inspection showed that the subject staircase exhibited "rust and corrosion to stair treads, risers and steel framing on underside of staircase." The evidence adduced at trial further showed that, in October 2016, another LIRR employee had inspected all of the staircases at the subject station; however, the report of that inspection did not specifically document the condition of the stairs. In addition, the evidence adduced at trial showed that, on the date of the plaintiff's accident, the defect in the subject step was not latent. Rather, the defect was visible and apparent on that date.
Under these circumstances, the jury could have rationally concluded that LIRR failed to make reasonable inspections of the subject staircase after the May 2016 inspection had revealed rust and corrosion on that staircase (see Lyman v Cablevision of Ossining Ltd. Partnership, 215 [*2]AD3d 945, 948-949; Gairy v 3900 Harper Ave., LLC, 146 AD3d 938, 939; Bergin v Golshani, 130 AD3d 767, 768). Consequently, LIRR was not entitled to set aside the jury verdict on the issue of liability and to judgment as a matter of law dismissing the complaint insofar as asserted against it (see Gairy v 3900 Harper Ave., LLC, 146 AD3d at 939; Bergin v Golshani, 130 AD3d at 768). Furthermore, given, inter alia, the passage of approximately eight months between the May 2016 inspection and the plaintiff's accident, the jury verdict on the issue of liability was not contrary to the weight of the evidence (see Barrett v New York City Tr. Auth., 176 AD3d 909, 911; Cruz v Bronx Lebanon Hosp. Ctr., 129 AD3d 631, 633, affd 27 NY3d 925).
Contrary to LIRR's contention, the Supreme Court did not err in denying its request for a jury charge as to latent defects (see Lyman v Cablevision of Ossining Ltd. Partnership, 215 AD3d at 948-949).
Contrary to LIRR's further contention, the Supreme Court properly denied its request for a jury charge as to comparative negligence. "The issue of negligence, whether of the plaintiff or defendant, is usually a question of fact. It should be submitted to the jury if there is a valid line of reasoning and permissible inferences from which rational people can draw a conclusion of negligence on the basis of the evidence presented at trial" (Bruni v City of New York, 2 NY3d 319, 328). Here, given the absence of evidence of comparative negligence, the court properly denied the requested charge (see PJI 2:36; Reed v Town of Amherst, 221 AD3d 1454, 1456).
"It is well settled that the amount awarded as damages for personal injuries is a factual question for the jury" (Molter v Gaffney, 273 AD2d 773, 773; see Wynter v Transdev Servs., Inc., 207 AD3d 785, 787). A damages award may be set aside when it deviates materially from what would be reasonable compensation (see CPLR 5501[c]; Mihalko v Regnaiere, 36 AD3d 983, 984; Wynter v Transdev Servs., Inc., 207 AD3d at 787).
Here, the evidence adduced at trial established that the plaintiff, who was 25 years old at the time of the accident, suffered an avulsion fracture to her left ring finger. The fracture did not require surgery, but the plaintiff was given a splint at the hospital and advised to take Tylenol or Ibuprofen as needed. The fracture healed shortly after the accident. The plaintiff testified that her finger "still shakes" and that "sometimes [her] hand will cramp up." Similarly, the hand specialist with whom the plaintiff treated testified that as of the time of trial, the plaintiff's "finger has a tremor or quiver to it." The plaintiff also was diagnosed with a "mild concussion" and abrasions to her face. During the plaintiff's testimony, she displayed a scar on her forehead and her left ring finger to the jury. At the time of the accident, the plaintiff was "finishing up school at Queens College." In 2018, the plaintiff was able to obtain employment as a substitute teacher, and she later obtained a position "[w]orking with children on the [autism] spectrum."
Given these injuries, the damages award for past pain and suffering was excessive to the extent indicated (see CPLR 5501[c]; see Vogel v Cichy, 53 AD3d 877, 880; Ross v Mandeville, 45 AD3d 755, 758; Sandy v New York City Tr. Auth., 297 AD2d 667, 668; Seidner v Unger, 245 AD2d 362, 363; Torres v City of New York, 235 AD2d 416, 417; Fares v Fox, 198 AD2d 396, 397; Artis v City of New York, 183 AD2d 685, 686).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
IANNACCI, J.P., CHRISTOPHER, WAN and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court