**PRESTON v. KAW PIPE LINE CO. et al.**
No. 2422.

Circuit Court of Appeals, Tenth Circuit.
May 5, 1942.
Rehearing Denied June 22, 1942.

A. L. Orr, of Medicine Lodge, Kan., and O. B. Martin, of Blackwell, Okl. (W. W. Pryor, of Wewoka, Okl., on the brief), for appellant.

Jos. G. Carey, of Wichita, Kan., and J. P. Greve, of Tulsa, Okl. (B. W. Griffith, of Tulsa, Okl., Earl A. Brown, of Ardmore, Okl., and Donald Campbell, Alvin F. Molony, H. G. Ross, James B. Diggs, Ralph J. May, George W. Cunningham, J. C. Denton, R. H. Wills, J. H. Crocker, I. L. Lockewitz, and C. A. Kothe, all of Tulsa, Okl., and Wm. F. Pielsticker, of Wichita, Kan., on the brief), for appellees.

Before BRATTON, HUXMAN, and MURRAH, Circuit Judges.

HUXMAN, Circuit Judge.

Ben Preston filed this action against a large number of individual and corporate defendants in the District Court of Russell County, Kansas. The case was removed to the District Court of the United States for the District of Kansas upon petition of some of the non-resident corporate defendants. A motion to remand was overruled. No attempt seems to have been made to serve any of the individual defendants nor a number of the corporate defendants with summons. A large number of the individual defendants and all of the corporate defendants on whom service of summons was made filed motions for summary judgment. The motions were all sustained and judgment was entered on the merits in favor of the defendants and against plaintiff. Plaintiff has appealed.

Appellant urges that there was no separable controversy present justifying removal of the case to the federal court by the non-resident defendants and that therefore the court erred in refusing to remand.

The applicable principle of law by which this question must be determined has been well charted and is free from doubt. In Barney v. Latham, 103 U.S. 205, 26 L.Ed. 514, the Supreme Court defined a separable controversy as being one between plaintiff and a defendant which could be fully adjudicated between them in the action and to the adjudication of which no other party was necessary or indispensable. See, also, Torrence v. Shedd, 144 U.S. 527, 12 S.Ct. 726, 36 L.Ed. 528.

Whether a removable separable controversy is present must in each instance be determined from the plaintiff's pleading at the time of removal. Pullman Co. v. Jenkins, 305 U.S. 534, 59 S.Ct. 347, 83 L.Ed. 334. Seven separate petitions for removal were filed by non-resident corporate defendants. It is not necessary to examine plaintiff's petition in detail to ascertain whether it presents a separable

controversy as to each of these defendants, for if it presents such a controversy as to any of them, the cause is removable and removal transfers the entire controversy to the federal court. City of Gainesville v. Brown-Crummer Co., 277 U.S. 54, 48 S.Ct. 454, 72 L.Ed. 781.

In substance, the petition alleged that in 1924 the defendant landowners executed individual oil and gas leases to a large block of acreage to the Focks Drilling and Manufacturing Company; that the leases were escrowed in the Bunker Hill State Bank; that under the escrow agreement they were to remain in the bank until a test well was spudded in, when they were to be delivered; that the drilling contract was assigned to appellant; that a well was spudded in while the escrow agreement was in full force; that the bank refused to deliver the leases to plaintiff, but wrongfully returned them to the landowners, who thereupon executed new leases to other parties. The petition alleged that new leases were executed, among others, to the defendants the Texas Company, the Continental Oil Company, the Skelly Oil Company, the Stanolind Oil and Gas Company, the Gulf Oil Corporation of Pennsylvania, Cities Service Oil Company, Cities Service Gas Company, the Magnolia Petroleum Company, and the Standard Oil and Gas Company.

■ At least three controversies are presented by the petition, as indicated by the prayer. These are: 1, That the defendant landowners be compelled to specifically perform the escrow agreement and deliver the old leases, or, in the alternative, that they be compelled to execute new leases and escrow them under the terms of the escrow agreement; 2, That the defendant lessees under the new leases be adjudged to be trustees for appellant and as such required to account for the oil taken by them under their respective leases; and, 3, That the Kaw Pipe Line Company, the transporting company, be required to account for the oil taken by it. These controversies are all separable and distinct from each other. Neither the defendant lessees nor the Kaw Pipe Line Company is a necessary party to an order requiring landowners to execute new leases. So, likewise, neither the landowners nor the Kaw Pipe Line Company is interested in an accounting between appellant and the operating defendant lessees as to the oil each of them has taken from the land on which they have separate leases. Furthermore, in an accounting action, each of the operating defendant lessees would be required to account separately for the oil taken by it from its own lease. Nor are the defendant landowners or the defendant lessees concerned with an accounting between appellant and the transporting pipe line company. The petition presents separable controversies as to the removing non-resident defendants, and there was no error in the court's refusal to remand to the state court.

■ One of the grounds for the motions for summary judgment was that the cause of action set forth in the petition had been adjudicated between the parties in a former action. On December 30, 1938, appellant filed an action against these defendants in the District Court of the United States for the District of Kansas. Motions were filed to dismiss on the ground that the bill failed to state a cause of action entitling plaintiff to relief. They were sustained, and on appeal to this court (Preston v. Kaw Pipe Line Co. et al., 10 Cir., 113 F.2d 311) the judgment was affirmed. A petition for certiorari to the Supreme Court was denied. 311 U.S. 712, 61 S.Ct. 393, 85 L.Ed. 463. An examination of the former case reveals that that action was identical with this. It was brought upon the same leases, the same escrow agreement, alleging substantially the same grounds for relief. It asked for the same relief that it asked for in this action. It sought an order of the court compelling the landowners to deliver the old leases or to execute new leases; that the producing oil companies, the lessees in the new leases, be compelled to account for the oil taken from the premises; and asked that they be decreed to be trustees for the benefit of appellant.

To escape the effect of res judicata, appellant cites a number of authorities which hold that where a demurrer is sustained because of a defect in the pleadings or because of defects going to matters other than the merits, it is not a bar to a subsequent action in which the defect is supplied. But that was not the case in the former trial of this action. The motions to dismiss were not sustained on account of defects in the pleadings, but because appellant had lost the right to maintain the action. In other words, he had no cause of action which he could maintain. He could not amend the petition so as to

escape the bar of laches that prevented him from maintaining that action. Furthermore, the court in that case did more than enter an order dismissing the complaint. It entered a judgment against the appellant and in favor of the defendants on the merits. The court's action constituted a final adjudication of appellant's rights and is an effective and final bar to any further suit. We know of no case that holds to the contrary.

Affirmed.