(996 P.2d 371)

No. 81,119

STATE OF KANSAS *ex rel.* CARLA J. STOVALL, Attorney General, *Appellee,* v. DAN MARTINEZ, d/b/a INSURANCE CLAIMS CONSULTANTS, INC., *Appellant.*

Opinion filed February 11, 2000.

*Dan Martinez,* appellant pro se.

*Gail E. Bright,* assistant attorney general, and *C. Steven Rarrick,* deputy attorney general, for appellee.

Before RULON, P.J., GREEN, J., and WAHL, S.J.

RULON, J.: Defendant Dan Martinez, who marketed his services as an insurance claims consultant, appeals from a permanent injunction and a judgment for civil penalties for violations of the Kansas Consumer Protection Act (KCPA). We affirm.

The essential facts are as follows:

After working for a number of years as an insurance adjuster and claims examiner for State Farm Insurance Company, defendant established his own business as an insurance claims consultant. In the course of his business, defendant heavily advertised his services as an alternative to representation by an attorney. Defendant represented claimants under a contingency fee contract. The contract stated defendant had a right to a lien on the claimant's recovery. In representing a claimant, defendant compiled a settlement packet of relevant information, made written demand upon the insurance company, advised the claimant regarding the reasonableness of a settlement, and negotiated with the insurance company. Defendant was not licensed to practice law.

Kansas attorneys reported to the Kansas Attorney General's Office (AG) that defendant was practicing law without a license. The AG filed an action in the Sedgwick County District Court alleging defendant was engaged in the unauthorized practice of law and that his representations to consumers regarding his qualifications violated the KCPA. The original action did not allege the number of violations, but the pretrial order specified six violations. During trial, defendant testified he had written demand letters on behalf of over 200 consumers. Allegations of deceptive acts and practices were submitted to the jury, which returned a special verdict form. The allegations of unconscionable acts and unauthorized practice of law were tried to the court. The district court found 201 violations of the KCPA. The court entered judgment for $115,500 in civil penalties for violations of the KCPA and permanently enjoined defendant from the unauthorized practice of law and the business practices that gave rise to the penalties.

Defendant filed a motion to alter and grant relief from judgment under K.S.A. 60-259(f) and K.S.A. 60-260(b). Defendant argued

the penalties for the additional 201 violations of the KCPA should be set aside because they were not alleged in the pretrial order, the letters on which the violations were based were not physically in evidence, and the State's theory of the nature of the violations changed between the motion to amend the pretrial order and the proposed findings. Defendant further disputed sufficiency of the evidence to support the findings, challenged the amount of the penalties as arbitrary, and objected to the scope of the injunction. On the same date, he moved for a new trial on essentially the same grounds. The district court denied both motions.

## UNAUTHORIZED PRACTICE OF LAW

Defendant contends the trial court erred in finding he engaged in the unauthorized practice of law. The court issued findings of fact and conclusions of law on this claim. We review the trial court's findings to determine whether the findings of fact are supported by substantial competent evidence and are sufficient to support the conclusions of law. See *Tucker v. Hugoton Energy Corp.*, 253 Kan. 373, 377, 855 P.2d 929 (1993).

Defendant does not dispute the underlying facts, but primarily argues that because he performed the same services as an employee of State Farm Insurance Company, either he was not practicing law in his insurance consulting business or all insurance adjusters and claims examiners are unlawfully practicing law. From that assumption, defendant launches an equal protection argument. The primary flaw in defendant's reasoning is that it disregards the role defendant assumed in relation to individual clients.

Our Supreme Court has the inherent power to define and regulate the practice of law. What constitutes the unauthorized practice of law must be determined on a case-by-case basis. *State ex rel. Stephan V. Williams*, 246 Kan. 681, 689, 793 P.2d 234 (1990). Our Supreme Court has repeatedly recognized the actions of counseling and advising clients on their legal rights and rendering services requiring knowledge of legal principles to be included within the definition of practicing law. See, *e.g.*, *Williams*, 246 Kan. at 689.

Purporting to be an expert, defendant offered a service, the performance of which clearly required knowledge of legal principles. Defendant induced his clients to place their trust in his judgment and skill in framing their claims. Defendant's financial interest in settlement without litigation conflicted with the client's interest in getting a fair settlement. That relationship to the client distinguishes the service defendant offered from the work he did while employed by an insurance company. Defendant's business is distinguished from the service offered by, for instance, ombudsmen and union representatives by his profit motive and potential conflict of interest. The court does not concern itself with the results of the service. See *State, ex rel., v. Hill,* 223 Kan. 425, 426, 573 P.2d 1078 (1978). Unquestionably, the trial court did not err in finding defendant's consulting services involved the practice of law.

## UNRECORDED CONFERENCES

Defendant argues that confusion about the trial court's evidentiary rulings and amendments to the pretrial order hindered his ability to put on his defense. Defendant seeks to attribute any inadequacy in the record to the trial judge. This claim is not properly preserved for appeal. There is no indication defendant requested a record that he did not get. Where, as in the instances defendant cites, the record reflects some confusion or misunderstanding, the record also reflects each instance was resolved to the relative satisfaction of counsel for both parties. Moreover, defendant made no effort to reconstruct the record as provided in Supreme Court Rule 3.04 (1999 Kan. Ct. R. Annot. 23). There is no legal merit to this claim of error.

## THE INJUNCTION

Defendant challenges the injunction as overly broad. An injunction is an equitable remedy governed by the principles of equity. The trial court's decision to grant or deny an injunction will not be disturbed on appeal absent a showing of abuse of discretion. *Wichita Wire, Inc. v. Lenox,* 11 Kan. App. 2d 459, 461-62, 726 P.2d 287 (1986).

Defendant claims the injunction deprives him of his constitutional right to pursue lawful employment. Beyond being conclusory, this claim disregards the fact that before the trial court issued the permanent injunction, it first found defendant's employment was *not* lawful.

Defendant claims he should have been afforded some administrative proceeding in which the State could have given him direction in conducting his business within the bounds of the law. This argument is without merit. Defendant opted to place himself and his business in the unregulated gap between law and insurance. Defendant does not suggest what State agency is or should be charged with overseeing such a business, and he does not provide authority for his position.

The district court has given defendant guidance in the form of an injunction. The KCPA authorizes declaratory and injunctive remedies. K.S.A. 50-632(a)(1) and (2). Having declared the acts enumerated in paragraph 17 of the journal entry constitute the unauthorized practice of law, and having determined the transactions described in paragraphs 10, 11, and 16 were violations of the KCPA, the district court permanently enjoined defendant from engaging in those acts and practices. The injunction prohibits defendant from providing specific insurance consulting services to individual consumers yet allows him to provide the same services to an insurance company. Defendant is thus not entirely precluded from pursuing his business, but he is precluded from entering into a relationship of trust with individual consumers. The injunction is narrowly tailored to define and prevent future KCPA violations and the unauthorized practice of law while allowing defendant to utilize his training and experience.

## THE PRETRIAL ORDER

Defendant contends the trial court erred in allowing the State to amend its claims to conform to the evidence after defendant testified he made written demand of insurance companies on behalf of over 200 consumers.

K.S.A. 60-215(b) directs that issues tried by express or implied consent of the parties *shall* be treated in all respects as if they had

been raised in the pleadings. Where a party objects to the introduction of evidence as not relevant to issues raised in the pleadings, the trial court *may* allow amendment of the pleadings to conform to the evidence and *shall* do so if the evidence furthers the presentation of the merits and the objecting party fails to convince the court amendment would be prejudicial. K.S.A. 1998 Supp. 60-215(b). A party must object to the introduction of evidence outside the pleadings in order to reach the question of prejudice.

Defendant did not object to the line of questioning that elicited his testimony about the number of demand letters. Where the party does not object to the evidence, the issue is considered tried by implied consent. *Sieben v. Sieben*, 231 Kan. 372, 379, 646 P.2d 1036 (1982). Even if defendant had objected, the trial court would have had broad discretion to allow the amendment over his objections. See *Thompson v. Aetna Life Ins. Co.*, 201 Kan. 296, 440 P.2d 548 (1968). This is true even if there is a pretrial order in effect. *Barkley v. Freeman*, 16 Kan. App. 2d 575, 577, 827 P.2d 774 (1992). An amendment may substantially increase the amount of damages or add claims for damages. See *Williams v. Amoco Production Co.*, 241 Kan. 102, 109, 734 P.2d 1113 (1987) (trial court did not abuse its discretion in allowing pretrial amendment to add claim for permanent damages 10 years after suit was filed); *Ballhorst v. Hahner-Foreman-Cale, Inc.*, 207 Kan. 89, 91-92, 484 P.2d 38 (1971) (though not approving of the practice, holding trial court was within its discretion in allowing amendment of plaintiff's prayer for damages, which more than doubled the amount claimed, at the close of the evidence).

Defendant additionally argues the court erred in assessing a penalty based on the estimate of 200 letters because the letters were never physically admitted into evidence. This argument is without merit because defendant's testimony served as undisputed evidence of the substance and number of demand letters.

Defendant further claims the trial court erred in allowing amendment of the pretrial order to specify the claim of unauthorized practice of law was an action in quo warranto, which would not be tried to the jury. This argument is without merit. Although the term quo warranto was omitted from the pretrial order, the

trial court found both parties had proceeded throughout the litigation with an understanding of the nature of the action. Moreover, the petition states the AG's authority to bring the action against defendant derives from the Consumer Protection Act, K.S.A. 50-623 *et seq.*, and statutory quo warranto, K.S.A. 60-1201 *et seq.* An action in quo warranto is the appropriate procedural vehicle to inquire into a person's authority to practice law. *Williams*, 246 Kan. at 690. The statute provides for only injunctive and declaratory relief, historically equitable remedies. Although it was a writ at common law, quo warranto is now generally recognized as lying within the discretionary powers of the court. *State ex rel., v. Cahill*, 222 Kan. 570, 576, 567 P.2d 1329 (1977).

The trial court did not abuse its discretion in allowing amendments to the pretrial order as evidence was developed and the trial court recognized and corrected a misunderstanding.

## CONSUMER PROTECTION CLAIMS

Defendant contends the evidence of unauthorized practice of law prejudiced the jury against him on the KCPA claims. However, his argument centers on the AG's closing argument. The AG argued both questions for the jury and questions for the court in closing. Arguably, the trial court intended to allow the AG to refer to the unauthorized practice of law, largely because it is the primary basis for the KCPA violations, but not make the legal arguments to the jury. Defendant objected to the argument after the jury retired. The court determined defendant's objection was not timely and the argument was harmless. The decision of whether to grant a new trial is within the discretion of the trial court and will not be reversed unless a clear abuse of discretion is shown. *Noel v. Pizza Management, Inc.*, 258 Kan. 3, 15, 899 P.2d 1013 (1995). Based upon this record, defendant has not shown abuse of discretion.

## ATTORNEY GENERAL REPRESENTATION

Defendant contends the AG represented Wichita attorneys in their attempt to create a monopoly. This issue is legally meritless. Without regard to subjective motivations for filing this action, the AG is responsible for enforcing the KCPA and for inquiring into

the unauthorized practice of law by means of a proceeding in quo warranto. K.S.A. 50-628(a)(1); K.S.A. 60-1203; *Williams*, 246 Kan. at 686.

## EXCLUDED EVIDENCE

The trial court sustained the State's objections to testimony regarding what an insurance claims consultant does and testimony of consumers who were satisfied with his services. Defendant fails to see how the excluded evidence was not relevant. The admission of evidence lies within the sound discretion of the trial court. *State v. Lumley*, 266 Kan. 939, 950, 976 P.2d 486 (1999).

Defendant wanted to call as witnesses consumers who were satisfied with his services. Because the court does not consider how well the defendant performs when considering a claim of unauthorized practice of law, this evidence would clearly not have been relevant to the unauthorized practice of law claim. See *Hill*, 223 Kan. at 426. Consequently, such evidence cannot be relevant to a claim that defendant violated the KCPA by falsely representing to consumers that defendant was qualified to assist them in obtaining an insurance settlement. The fact that some consumers were pleased with their result does not negate the alleged misrepresentations about defendant's qualifications.

Defendant additionally sought to introduce the testimony of the author of a book on insurance claims who had no personal knowledge of the facts. At best, this would have been demonstrative evidence with little or no probative value as to the allegations against defendant. What others do, particularly in states other than Kansas, does not prove defendant did not violate the Kansas consumer protection laws or engage in the practice of law as defined by Kansas courts. The trial court did not abuse its discretion in excluding the challenged evidence.

## ADVANCED LEGAL KNOWLEDGE

Defendant claims the district court erred when allowing the AG to use the phrase "advanced legal knowledge" without providing a definition of the meaning of such phrase.

This issue is not properly before the court. Defendant does not cite us to any objection to the use of the term, and his own counsel drafted the pretrial order that used the phrase several times in framing the issues to be decided.

## RELIEF FROM JUDGMENT

Defendant argues the trial court abused its discretion in denying his motion for relief from judgment because the jury's verdict was contrary to the evidence. Defendant does not appeal the ruling on the motions to alter and for a new trial.

K.S.A. 60-260(b)(6) is a catchall provision covering any reason justifying relief from the operation of the judgment not included in (1) through (5). It is clear from the statutory language that a final judgment may be set aside if some material fact existed but was unknown at the time of the judgment and becomes known after the judgment. Here, defendant simply disagrees with the jury's interpretation of the evidence. A motion under K.S.A. 60-260(b)(6) is addressed to the sound discretion of the trial court. *In re Marriage of Hunt*, 10 Kan. App. 2d 254, 259-60, 697 P.2d 80 (1985). Here, the trial court did not abuse its discretion in denying defendant's motion.

Affirmed.