No. 96,481

STATE OF KANSAS *ex rel.* PAUL MORRISON, ATTORNEY GENERAL, *Petitioner*, v. DAVID MARTIN PRICE, an Individual; JANICE LYNN KING, an Individual; ROSEMARY DENISE PRICE, an Individual; and PRO SE ADVOCATES, an Association, *Respondents*.

(172 P.3d 561)

Opinion filed December 7, 2007.

*Michael J. Allen*, assistant attorney general, argued the cause, and *Emilie Burdette Rush* and *Steve Phillips*, assistant attorneys general, and *Bryan J. Brown*, deputy attorney general, were with him on the brief for petitioner.

*David Martin Price*, respondent, argued the cause, and *Rosemary Denise Price* and *Janice Lynn King*, pro se, were with him on the brief for respondents.

The opinion of the court was delivered by

BEIER, J.: This is an original quo warranto action filed by the Attorney General's office on behalf of the State to enjoin what is alleged to be unauthorized practice of law by Respondents David Martin Price, Janice Lynn King, Rosemary Denise Price, and Pro

Se Advocates, an association in whose name they do business. None of the individual Respondents is licensed as a Kansas lawyer.

The petition was filed on April 27, 2006. It attached two digital video disc recordings of sworn statements given by Theron and Jennifer Frost, two of the individuals alleged to be victims of Respondents' unauthorized practice of law. In the statements, the Frosts describe what they understood to be legal research and advocacy performed on their behalf by certain of the Respondents in exchange for fees. The services provided included preparation of pleadings to be filed in court and preparation of a demand letter to be sent to a former employer of Jennifer Frost. At the direction of Respondents, the Frosts signed the documents prepared for them.

Respondents pursued dismissal of this quo warranto action, which this court denied on June 29, 2006. The same date, we appointed Senior Judge Jack Lively as Commissioner to "conduct evidentiary proceedings and to make findings of fact and conclusions of law necessary for this Court's final determination and judgment in this case." We also stated:

"Commissioner Lively is hereby authorized and empowered to fix the time and place for hearings; to administer oaths and affirmations; to decide motions with or without a hearing; to cause the depositions of witnesses to be taken as he deems necessary; to receive evidence and take testimony; to issue subpoenas to witnesses and to compel their attendance and testimony at any hearing; to require the production of any papers, books, documents and records, whether in written or electronic form, he deems necessary; to do any and all other things required so that a complete hearing may be had on all pertinent and relevant matters raised or which may hereafter be raised by the parties involved in this original proceeding; and to rule upon all legal questions presented in connection with any and all such matters."

The Respondents filed a Notice of Removal to federal court on July 26, 2006. Two months later, Judge Julie A. Robinson of the United States District Court for the District of Kansas remanded the proceeding on motion of the State. She included the following language in her Memorandum Order and Opinion:

"The Notice of Removal ostensibly asserts a federal [counterclaim] against petitioner and its counsel under 42 U.S.C. §§ 1983 and 1985, alleging petitioner has brought a willful, malicious and frivolous action. The Notice also appears to base

removal on [R]espondents' contention that the underlying action to enjoin the unauthorized practice of law is an infringement upon their First Amendment rights.

. . . .

"The Court agrees with [the State] that removal was improper. The Petition in *Quo Warranto* consists of an action exclusively under the laws of the State of Kansas to enjoin respondents from engaging in the unauthorized practice of law within the State of Kansas. 'The regulation of the practice of law is a state matter,' and the Tenth Circuit recently held that an action to enjoin the unauthorized practice of law did not fall within the federal district court's federal question jurisdiction. Moreover, [Respondents'] purported federal law [counterclaim] does not create federal question jurisdiction justifying removal, nor can jurisdiction be conferred by counterclaim. Likewise, it is well-established that a case may not be removed to federal court on the basis of a federal defense, including a constitutional defense based on First Amendment considerations. Finally, [R]espondents failed to timely comply with 28 U.S.C. § 1446(b), which requires a notice of removal of a civil action or proceeding within thirty days of service. Respondents were served on May 1, 2006, but did not file their notice of removal until July 26, 2006, just under three months after service. . . .

. . . .

"Having no jurisdiction over this case, the Court will not address any other pending matters or arguments, except the matter of attorney's fees and costs. . . .

"For the reasons set forth in its determination that remand of the case is required, the Court concludes that [R]espondents lacked an objectively reasonable basis for seeking removal. Although [R]espondents proceed pro se, they are familiar with the procedures and limitations on removal jurisdiction, having previously removed actions from state court to federal court that were remanded. [The State] was required to devote time and resources responding to a facially meritless motion, as well as multiple orders to show cause filed by [R]espondents. As such, the Court will require [R]espondents to pay [the State's] attorney's fees and costs expended in defending this frivolous removal litigation. [The State] is hereby ordered to submit an accounting of its attorney's fees and costs association with the improper removal of this action."

After the remand, Commissioner Lively ordered Respondents to answer written discovery and to appear for depositions scheduled for October 24, 2006. Respondents attempted to appeal Judge Robinson's remand order to the United States Tenth Circuit Court of Appeals. Also, the day before the depositions ordered by Commissioner Lively were to take place, Respondent King filed a second Notice of Removal for this action. Again, the State moved to remand.

Judge Robinson had not acted on the State's second remand motion when Commissioner Lively went forward with a December 5, 2006, hearing on the State's "Motion for Sanctions Based Upon [Respondents'] Failure to Comply with Order of the Supreme Court Regarding Discovery" and the State's "Motion Renewing Its Previous Stipulation to [Respondents'] Motion for Judgment o[n] the Pleading." Respondents did not appear at the December 5 hearing.

Judge Robinson signed a second remand order 2 days later; the order reflects a filing date of December 11, 2006. It recited:

"Respondent asserts that this matter 'became removable when the Petitioners failed to apply the 30 day mandatory stay on the proceedings of the state court actions pending the provision of the removal statutes upon the remand of an action back to state court jurisdiction.' In all other material respects, the basis for the relief sought remains the same as in the first Notice of Removal.

. . . .

". . . [T]he Court concludes that respondent lacked an objectively reasonable basis for seeking removal. . . . Moreover, the Court stresses that this is the second attempt to remove these *quo warranto* proceedings, the first attempt resulting in remand as well as an award of attorney's fees . . . . [The State] was once again required to devote time and resources responding to a facially meritless motion. As such, the Court will require respondent to pay [the State's] attorney's fees and costs expended in defending this frivolous removal litigation."

Commissioner Lively issued his Report the same day that Judge Robinson's second remand order was filed. The Report took judicial notice of Judge Robinson's first remand order and made a finding that "Respondents have repeatedly enjoyed notice of the Court's orders pertinent to discovery. With that knowledge, Respondents have willfully and knowingly refused to take part in the discovery process or appear before the Commissioner."

The Commissioner granted the State's motion for sanctions—adopting the State's allegations regarding the work performed for Theron and Jennifer Frost as findings of fact, and concluding as a matter of law that each of the Respondents had engaged in the unauthorized practice of law in the State of Kansas. Commissioner Lively therefore entered orders permanently enjoining the Respondents from:

"1. Appearing in any representative capacity for another, or;

"2. Taking any action intended to assist nonmembers of the state bar of Kansas in the presentation of any legal matter, or;

"3. Preparing or aiding in the filing of any pleading or legal document, or;

"4. Counseling or advising any nonmember of the state bar on any legal matter whatsoever."

Commissioner Lively also concluded that Respondent David Martin Price and Respondent Pro Se Advocates had committed an unconscionable act in violation of the Kansas Consumer Protection Act (KCPA), K.S.A. 50-623 *et seq.*, in their work for Theron Frost and had committed a deceptive act in violation of the KCPA in their work for Jennifer Frost. For these violations, Commissioner Lively ordered Respondent David Martin Price and Respondent Pro Se Advocates to pay Theron Frost and Jennifer Frost restitution. He also permanently enjoined them from taking fees for, among other things, preparing any legal document; preparing or expressing legal opinions; or preparing any claims, demands, or pleadings for filing in any court, administrative agency or other tribunal. He also ordered the two Respondents to pay $1,000 for Petitioner's expenses and investigative fees and $5,000 in civil penalties.

Finally, Commissioner Lively ordered the Clerk of the Appellate Courts and the clerks of the state district courts to refuse to file any pleadings signed or prepared by Respondents "except when [a] Respondent is a named party and the pleading or document is submitted solely on Respondent's own behalf" and to instead deliver a copy of any such pleading to the chief judge of the district and to the proper state authorities charged with investigating the unauthorized practice of law.

Respondent King attempted to appeal Judge Robinson's second remand order to the Tenth Circuit; this appeal was consolidated with the first appeal attempted by all Respondents. On August 2, 2007, the Tenth Circuit dismissed the consolidated appeals, holding it had no jurisdiction over district court remand orders such as those entered by Judge Robinson. Although Respondent David Martin Price asserted at oral argument before this court that some sort of motion was still pending before the Tenth Circuit, that is not true.

*Discussion*

In an original proceeding in this court, the findings and conclusions of the Commissioner are advisory only and it is this court's duty to examine the record, find the facts, and make its own conclusions of law. *State, ex rel., v. Schmitt*, 174 Kan. 581, 585, 258 P.2d 228 (1953) (citing *State, ex rel., v. Harvey*, 148 Kan. 166, 167, 80 P.2d 1095 [1938]); *State, ex rel., v. Buchanan*, 142 Kan. 515, Syl. ¶ 1, 51 P.2d 5 [1935].

Before we can reach the merits, we must address whether Commissioner Lively was authorized to conduct the December 5, 2006, hearing *before* Judge Robinson's second remand order had been filed.

28 U.S.C. § 1446 (2000), concerning the procedure for removal of a case from state to federal court, reads in pertinent part:

"(a) A defendant or defendants desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal . . . .

"(b) The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . .

"If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable . . . .

. . . .

"(d) Promptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect the removal *and the State court shall proceed no further unless and until the case is remanded.*" (Emphasis added.)

Respondents argue that the December 5 hearing before Commissioner Lively—at which they did not appear and which led to what is, in essence, a default judgment against them—should not have proceeded because the state action was required to be stayed while their second removal was still in effect.

Respondents are correct on this point. The italicized portion of the statute set forth above is clear: "[T]he State court shall proceed no further unless and until the case is remanded." Although the second removal notice filed by Respondent King, as described by Judge Robinson, turned out to be as "frivolous" as the first filed by all Respondents, it was permitted under the statute. With no contrary federal order preventing it, Respondents were free to file the second notice of removal, even if their motives in doing so are open to serious question. The second notice automatically stayed this action, pending Judge Robinson's ruling. The December 5 hearing before Commissioner Lively should not have gone forward. Any action taken by him as a result is a nullity. See 28 U.S.C. § 1446(d); *Burlington Northern Railroad Co. v. Bell*, 482 U.S. 919, 919-20, 96 L. Ed. 2d 684, 107 S. Ct. 3197 (1987) (White, J., dissenting); *United States v. State of Ohio*, 487 F. 2d 936, 943, *aff'd on other grounds Fry v. United States*, 421 U.S. 542, 44 L. Ed. 2d 363, 95 S. Ct. 1792 (1975) (once notice of removal filed, clear and unambiguous language of 28 U.S.C. § 1446 prevents state court from proceeding unless, until remand); *State of South Carolina v. Moore*, 447 F.2d 1067, 1072-74 (4th Cir. 1971) (explicit language of the statute and its uniform construction requires proceedings in the state court after removal to be void); *Mississippi Power Company v. Luter*, 336 So. 2d 753, 755 (Miss. 1976) (state court had no jurisdiction to impanel jury after case removed to federal district court despite later remand; jury's verdict a nullity); 14C Wright, Miller & Cooper, Federal Practice and Procedure, Jurisdiction and Related Matters § 3737 (3d ed. 1998). We have only unearthed two cases from one state court that have not held strictly to this rule. They represent a departure from the view of the majority of jurisdictions and from the unambiguous language of the removal statute. See *Farm Credit Bank of St. Paul v. Ziebarth*, 485 N.W.2d 788, 791 (N.D.), *cert. denied* 506 U.S. 988 (1992) (state court retains jurisdiction to act when federal court subsequently denies removal notice based on same ground as previously remanded removal); *Farm Credit Bank of St. Paul v. Rub*, 481 N.W.2d 451, 457 (N.D. 1992) (state court had jurisdiction to decide foreclosure action even though, on day of trial, defendant notified plaintiff, state

court of notice of removal; notice was second based on same ground as first; federal court ultimately remanded second time); *cf. State ex rel. Nixon v. Moore*, 159 S.W.3d 488, 490-91 (Mo. App. 2005) (distinguishing two North Dakota cases).

We also note that, even if the timing of the December 5 hearing had been appropriate, Commissioner Lively's findings and conclusions regarding violation of the KCPA are not supported by the record before us. During oral argument in this court, the Petitioner disavowed any knowledge of their genesis. No allegation of a violation of the KCPA was pled in the Petition for Quo Warranto, and the record contains no subsequent pleading or argument from either side on the KCPA.

Because of the December 5 hearing alone, we are required to refuse to adopt Commissioner Lively's orders and to remand for further proceedings before him on the allegations regarding Respondents Rosemary Denise Price, Janice Lynn King, and Pro Se Advocates. However, as to Respondent David Martin Price, we refuse to adopt only those orders entered by Commissioner Lively as a response to the perceived violations of the KCPA. David Martin Price engaged in the unauthorized practice of law before us in our courtroom during his oral argument on behalf of his fellow Respondents. We therefore conclude that a permanent injunction must be issued against David Martin Price. He is now and, unless duly licensed as a member of the state bar, ever after prohibited from appearing in any Kansas legal proceeding in a representative capacity for another; from taking any action intended to assist nonmembers of the state bar of Kansas in the presentation of any legal matter; from preparing or aiding in the filing of any pleading or legal document in a Kansas controversy or legal proceeding, except when doing so solely on his own behalf; and/or from counseling or advising any nonmember of the state bar on any legal matter whatsoever. We also direct the Clerk of the Appellate Courts and the clerks of our state district courts to refuse to file any pleading or document signed or prepared by Respondent David Martin Price, except when he is a named party to the action in which the pleading or document is to be filed and the pleading or document is being filed solely on his own behalf.

Only one further point bears mention at this juncture. Since oral argument before this court, the individual Respondents have filed a second Motion to Dismiss and a request for a hearing. This motion is without merit and it and the request for hearing are therefore denied.

Case remanded to Commissioner Jack Lively for further proceedings consistent with this opinion as to Respondents Janice Lynn King, Rosemary Denise Price, and Pro Se Advocates. A permanent injunction as set forth above is hereby entered against Respondent David Martin Price. The Motion to Dismiss filed by individual Respondents on October 11, 2007, and request for hearing are denied.

DAVIS, NUSS, and LUCKERT, JJ., not participating.

HILL, MCANANY, and BUSER, JJ., assigned.

MCFARLAND, C.J., concurring in part and dissenting in part: I concur with the majority's decision that the matter relating to Respondents Janice Lynn King, Rosemary Denise Price, and Pro Se Advocates should be remanded to the Commissioner. I dissent, however, from the majority's decision as to Respondent David Martin Price. First, because the second removal notice rendered the Commissioner's orders arising from the December 5 hearing void, those orders are void as to *all* of the Respondents, including David Martin Price. Second, I disagree with the issuance of a permanent injunction against David Martin Price. I would remand the matter to the Commissioner for further proceedings as to all of the Respondents.

The majority concludes that Commissioner Lively was not authorized to conduct the December 5 hearing before United States District Court Judge Julie A. Robinson's second remand. I agree. The removal statute is clear on this point, upon the proper filing of a notice of removal to federal court, "the State court shall pro-

ceed no further unless and until the case is remanded." 28 U.S.C. § 1446(d) (2000); see also 28 U.S.C. § 1447(c) (2000) (After receipt of a certified copy of the remand order, "[t]he State court may thereupon proceed with such case.").

Moreover, I agree with the majority's conclusion that any state court proceedings conducted after the filing of a removal notice are void. "There is all but unanimity on the proposition that . . . a state court adjudication, while a removal petition is pending in federal court, is void, even if the federal court subsequently determined that the case is not removable." *Farm Credit Bank of St. Paul v. Rub*, 481 N.W.2d 451, 456 (N.D. 1992). The filing of a removal notice suspends the jurisdiction of the state court until the case is remanded and, thus, any proceedings in state court in the interim are void ab initio, even if removal is found to have been improper. *Lewis v. C.J. Langenfelder & Son*, 266 Va. 513, 518, 587 S.E.2d 697 (2003); see also 14C Wright, Miller & Cooper, Federal Practice and Procedure § 3737, pp. 384-87 (3d ed. 1998) (noting that a significant number of cases hold that once removal is effected, any subsequent proceedings in state court are considered coram non judice even if the removal is subsequently found to have been improper and the case is remanded to state court); Annot., *Effect, on Jurisdiction of State Court, of 28 USCS § 1446(e), Relating to Removal of Civil Case to Federal Court*, 38 A.L.R. Fed. 824, 830 (notice of removal stays further proceedings in state court, "[t]hus, it is said that upon removal, the state court is without jurisdiction to proceed further in the removed civil matter, and that any actions taken by the state court in contravention of this prohibition are 'void,' 'a nullity,' 'without effect,' 'of no force,' or 'without jurisdiction' ").

Applying this well-settled law, the majority determines that because the second removal attempt was pending at the time of the December 5 hearing, the Commissioner should not have proceeded with that hearing. The majority also determines that any actions taken by the Commissioner while the second removal notice was pending are void. Accordingly, the majority concludes that "[b]ecause of the December 5 hearing alone, we are required to refuse to adopt Commissioner Lively's orders and to remand for

further proceedings before him . . . ." The majority, however, reaches this conclusion only as to Respondents Janice Lynn King, Rosemary Denise Price, and Pro Se Advocates. With respect to David Martin Price, the majority rejects only the Commissioner's findings and orders with regard to the Kansas Consumer Protection Act and, thus, essentially adopts the Commissioner's conclusions as to the allegations concerning unauthorized practice of law. Moreover, the majority issues an injunction against David Martin Price that virtually mirrors the injunction issued by Commissioner Lively.

I disagree with this result. Logically, how can the Commissioner's orders entered as a result of the December 5 hearing be held to be void as to only some of the Respondents when it is a jurisdictional issue? If the state proceedings were stayed pending remand, it was stayed as to *all* of the Respondents and, accordingly, the Commissioner had no jurisdiction to proceed. Thus, any action taken against the Respondents during that time are void as to *all* of them. See *Hartlein v. Illinois Power Co.*, 151 Ill. 2d 142, 154, 601 N.E.2d 720 (1992) (When a case is removed from state court, "the entire action, including all of the parties and their claims, is transferred to the Federal court."); *Lewis*, 266 Va. at 517-18; *cf. Preston v. Kaw Pipe Line Co.*, 128 F.2d 162, 163-64 (10th Cir. 1942).

The majority justifies this result with its determination that David Martin Price engaged in the unauthorized practice of law before this court. Based thereon, the majority issues a permanent injunction against David Martin Price. I have two objections to that injunction. First, I do not believe it is appropriate for this court to determine *sua sponte* that David Martin Price's statements during oral argument constituted the unauthorized practice of law and, based solely thereon, issue a permanent injunction against him without providing him with any notice and an opportunity to be heard on this point. Under our Code of Civil Procedure, even a temporary injunction cannot issue without reasonable notice and an opportunity to be heard. *Cf.* K.S.A. 60-905(a) ("No temporary injunction shall be granted until after reasonable notice to the party to be enjoined and an opportunity to be heard."); see also 42 Am.

Jur. 2d, Injunctions § 243 (although temporary restraining orders may be issued without notice, "notice and an opportunity to be heard are always required in the case of final and permanent injunctions.").

I am not prepared to prejudge whether David Martin Price engaged in the unauthorized practice of law during oral argument before this court. Instead, I believe that fundamental fairness and procedural due process require that Price be afforded a full and meaningful opportunity to address whether his actions constituted the unauthorized practice of law. The best forum for this process would be before the Commissioner, whom we have vested with the power and authority to conduct hearings, make factual determinations, and submit recommendations to this court in this matter. I note that the oral argument in this case was recorded and would be available to the parties and the Commissioner as needed to address this issue.

Second, as Judge Buser notes in his dissent, the injunction issued against David Martin Price is not limited to the finding that Price's arguments before this court constituted the unauthorized practice of law. Although the injunction prohibits David Martin Price from "appearing in any Kansas legal proceeding in a representative capacity for another," it goes further, prohibiting Price from

"taking any action intended to assist nonmembers of the state bar of Kansas in the presentation of any legal matter; from preparing or aiding in the filing of any pleading or legal document in a Kansas controversy or legal proceeding, except when doing so solely on his own behalf; and/or from counseling or advising any nonmember of the state bar on any legal matter whatsoever."

As an original proceeding, the Commissioner's findings and conclusions are advisory only; this court has the duty to examine the record, find the facts, and make its own conclusions of law. *State, ex rel., v. Schmitt,* 174 Kan. 581, 585, 258 P.2d 228 (1953). The fact that the Commissioner's orders are void would not necessarily preclude this court from reaching its own conclusions and entering appropriate orders based on its examination of the facts established in the record. Herein lies the rub: there are no established facts in the record before this court. Commissioner Lively's injunction was not based on factual findings that the Respondents did any of the

things enjoined, but was issued solely as a sanction for the failure to participate in discovery and to appear before the Commissioner in this matter. Thus, there is nothing in the record to support a conclusion that David Martin Price did any of the things for which he is now enjoined.

For all of the foregoing reasons, I would remand the matter to the Commissioner for further proceedings as to all of the Respondents.

BUSER, J., concurring in part and dissenting in part: I concur with the majority's holding that Commissioner Lively's findings of fact and conclusions of law are void and, as a result, the matter relating to Respondents Janice Lynn King, Rosemary Denise Price, and Pro Se Advocates should be remanded to the Commissioner. I also concur in the denial of the individual Respondents' second Motion to Dismiss. I dissent, however, from the majority's holding that Respondent David Martin Price, by making oral argument before the court in this case, engaged in the unauthorized practice of law.

David Martin Price stated his appearance as "pro se." He also advised the court he was "making oral presentation for the [Respondents]." Under questioning by the court, David Martin Price agreed he was "appearing" and "advocating" on behalf of the other Respondents, but these were not his words. I understood that Price merely wanted to read a written statement prepared by all the individual Respondents. When it was suggested to Price, for example, that the document he wished to read could be filed as a supplemental brief, he responded that "we wanted to go over these to give our expression of view and what our position is."

Of course, "[o]nly members of the bar are permitted to represent clients in this court." *Hickock & Smith v. Hand*, 190 Kan. 224, 225, 373 P.2d 206 (1962), *cert. denied* 372 U.S. 924 (1963). I am not convinced, however, that Janice Lynn King and Rosemary Denise Price were the clients of David Martin Price when he read their collective statement and responded to questions from the court. They were parties—as was he—and the fact that Price was the party designated to read what all the individual Respondents

wanted to say does not constitute, in my estimation, the unauthorized practice of law. As David Martin Price said, he was appearing "pro se," and I would rather apply the liberal construction traditionally afforded such litigants. See *Bruner v. State*, 277 Kan. 603, 605, 88 P.3d 214 (2004); *Key v. Hein, Ebert & Weir, Chtd.*, 265 Kan. 124, 129, 960 P.2d 746 (1998).

Secondly, the gravamen of the petition in quo warranto is that David Martin Price provided legal advice, research, and wrote pleadings that were filed by pro se litigants. The petition did not include, however, an allegation that Price ever appeared in court as a purported attorney or legal representative, although that is the sole basis upon which the majority's decision is grounded. "Every matter asserting the unauthorized practice of law must be considered on its own facts on a case-by-case basis." *State ex rel. Stephan v. Williams*, 246 Kan. 681, 689, 793 P.2d 234 (1990). Under the circumstances, I believe justice would be better served if this matter was remanded to Commissioner Lively with respect to all of the allegations made against David Martin Price. What Price said before this court may or may not provide a basis for further inquiry upon remand, but it seems premature to decide this matter without the benefit of the Commissioner's thorough factfinding regarding all of the allegations contained in the petition.

Finally, the injunction issued against David Martin Price goes beyond the court's finding that he "engaged in the unauthorized practice of law . . . during his oral arguments on behalf of his fellow Respondents." An injunction is an equitable remedy "governed by the principles of equity." *Smith v. State*, 264 Kan. 348, 355, 955 P.2d 1293 (1998). Given the majority's finding that Price appeared as a legal representative for the other individual Respondents, it is equitable for this court to enjoin him from "appearing in any Kansas legal proceeding in a representative capacity for another." See K.S.A. 60-901 (an injunction is "an order to do or refrain from doing a particular act"); *Sheila A. v. Finney*, 253 Kan. 793, 797, 861 P.2d 120 (1993) ("for an injunction to issue, there must be some indication that there is a threatened injury").

This injunction goes further, however, and prohibits David Martin Price from

"taking any action intended to assist nonmembers of the state bar of Kansas in the presentation of any legal matter; from preparing or aiding in the filing of any pleading or legal document in a Kansas controversy or legal proceeding, except when doing so solely on his own behalf; and/or from counseling or advising any nonmember of the state bar on any legal matter whatsoever."

On the present record, there is no finding that David Martin Price has done any of these acts. *See State ex rel. Stovall v. Martinez*, 27 Kan. App. 2d 9, 13, 996 P.2d 371, *rev. denied* 269 Kan. 941 (2000) (injunction was "narrowly tailored" to "prevent . . . the unauthorized practice of law"); see also *Eastwood Mall, Inc. v. Slanco*, 68 Ohio St. 3d 221, 224, 626 N.E.2d 59, *cert. denied* 513 U.S. 933 (1994) ("Equity requires that an injunction should be narrowly tailored to prohibit only the complained of activities."). For this additional reason, I would remand for further findings and conclusions as to all the allegations of unauthorized practice of law set forth in the petition against David Martin Price.